Zimmerman, J.
 

 When plaintiff’s motion to certify was allowed, this court entertained the view that probably an important principle of law was involved upon which the court should make pronouncement, to wit, whether the acceptance of the stipulated' rental by a lessor from his lessee, after a claimed cause for the forfeiture of the lease had occurred, other than nonpayment of rent, operated to waive the right of the lessor to continue to rely on such claimed ground of forfeiture to terminate the lease and regain possession of the premises. An examination of the record, however, shows that such matter need not be considered.
 

 In his petition the plaintiff alleges without any amplification that “he has the title to and is entitled to
 
 *333
 
 the possession” of certain described real estate. The respective amended answers of W. J. Daub and Eleanor Daub, filed October 28, 1948, set up a subsisting written lease and agreement covering the hotel-property and its contents. These answers allege further matters showing compliance with the terms thereof. Furthermore, plaintiff’s responses to the interrogatories submitted by the Daubs were favorable to-the latter.
 

 No reply to the answers was forthcoming, and the Daubs by motion filed February 8, 1949, asked the court in effect for a decision on the pleadings as they existed. The court was then faced with a situation where the claims in the petition had been met by answers containing averments of a nature amounting to a full defense. A reply countering the allegations of the answers was consequently necessary to join the issues. According to the record, plaintiff neither filed a reply nor asked leave to do so, and we are of the opinion that the trial court could do nothing else than sustain the Daubs’ motion to dismiss.
 

 Section 11326, General Code, contained in the chapter relating to pleadings, recites in part:
 

 “When the answer contains new matter, the plaintiff may reply to it, denying generally or specifically each allegation controverted by him. ’ ’
 

 It is generally recognized that if matters which should be replied to are not met by reply, they are deemed to be admitted.
 

 The judgment of the Court of Appeals affirming that of the Court of Common Pleas is, therefore, affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hartk Stewart and Taft, JJ., concur.
 

 Faitght, J., not participating.