CONANT, APPELLANT, *v.* JOHNSON, APPELLEE.

[Cite as Conant v. Johnson, 1 Ohio App. 2d 133.]

134

(No. 582—Decided March 26, 1964.)

*Mr. Wm. Parker Walker* and *Mr. Gerald A. Mollica,* for appellant.
*Mr. Samuel B. Erskine,* for appellee.

COLLIER, P. J.  This is an appeal on questions of law from a judgment of the Common Pleas Court of Athens County sustaining the motion of the defendant, appellee herein, for judgment on the pleadings.  The parties will be designated hereinafter as the plaintiff and defendant, as they appeared in the trial court.

The record discloses that on September 28, 1962, the plaintiff filed her petition seeking damages in an action for malicious prosecution, alleging that on June 28, 1962, the defendant falsely, maliciously, and without probable cause swore to and caused to be filed in the Municipal Court of the city of Athens, Ohio, an affidavit charging the plaintiff with a violation of Section 84.16 of the Ordinances of the city of Athens; and that the plaintiff was arrested, and, after a hearing in Municipal Court, the case was terminated in plaintiff's favor and the plaintiff was discharged, resulting in damages to the plaintiff.

The defendant filed an answer to plaintiff's petition, the first defense of which was a general denial.  For a second defense the defendant alleged that at the time during the institution of the prosecution and until the termination thereof the defendant was in consultation with a reputable lawyer; that defendant stated to such lawyer all the facts within his knowl-

edge, fairly and impartially; and that the defendant sought the advice of such lawyer and followed such lawyer's advice in instituting and prosecuting the action.

No reply to defendant's answer was filed by the plaintiff. The cause came on for trial on October 28, 1963. After the jury was empaneled and sworn, the defendant moved for judgment on the pleadings upon the ground that the averment in the answer, that the defendant had acted upon the advice of counsel, was an affirmative defense; and that the allegation of this new matter, not controverted by a reply, must be admitted as true. Defendant further claims, in support of his motion, that the deposition of Clair Berry, the attorney whose advice the defendant sought, taken by the plaintiff and filed with the clerk, established and proved this affirmative defense and would not permit the filing of a reply.

The law is well established that in passing on a motion for judgment on the pleadings, only statements in the pleadings can be considered.

Evidence in any form cannot be considered. Section 2323.18, Revised Code; 43 Ohio Jurisprudence (2d), 278, Section 264; *State, ex rel. Barcroft,* v. *Stover,* 106 Ohio App., 513. Therefore, no consideration should have been given to the deposition referred to by the defendant in determining the motion for judgment on the pleadings.

The plaintiff's position was that a reply was not necessary. However, plaintiff asked the court for permission to file a reply, instanter, in the form of a general denial. The questions to be determined in this appeal are: first, whether, under the rules of pleading, a reply to the second defense set forth in the answer is required; and, second, if so, did the court err in denying the plaintiff leave to file such reply, as requested.

Section 2309.24, Revised Code, provides that ''when an answer contains new matter, the plaintiff may reply to it, denying generally or specifically each allegation controverted by him.'' And Section 2309.27, Revised Code, provides, in part, that ''every material allegation of new matter in an answer not controverted by the reply, shall be taken as true.'' In the case of *Andrews* v. *DeCessna,* 154 Ohio St., 329, the second paragraph of the syllabus reads:

''If matters embodied in an answer are of such a nature

that they should be replied to and no reply is forthcoming, such matters are deemed to be admitted.''

In the *Andrews case* the plaintiff did not ask leave to file a reply. 43 Ohio Jurisprudence (2d), 134, Section 120, reads: ''* * * The term 'new matter' refers to something relied upon by the defendant extrinsic to the matters set up by the plaintiff in his petition, or put in issue thereby, which, if true, is in law a defense to the action. The term 'new matter' embraces strictly matters of confession and avoidance as understood at common law. * * *''

By pleading advice of counsel as a defense in his answer, the defendant attempted to avoid liability upon the facts stated in his answer, and thus tendered a new issue in the case.

The general rule is that advice of counsel is a complete defense to an action for malicious prosecution, if the defendant relied in good faith on such advice in instituting and maintaining the prosecution after a full and fair statement of all the facts to the attorney. 35 Ohio Jurisprudence (2d), 165, Section 44. This rule has been followed in Ohio consistently since it was first announced in *Ash* v. *Marlow,* 20 Ohio, 119, in 1851. See also *Woodruff* v. *Paschen,* 105 Ohio St., 396.

Does such defense have to be specially pleaded? In the case of *Woodruff* v. *Paschen,* 15 Ohio App., 276, it was held in the second paragraph of the syllabus:

''The defendant in an action for malicious prosecution who has not pleaded the advice of counsel as a defense may nevertheless offer evidence of such fact under a general denial, as tending to show absence of malice.''

And 43 Ohio Jurisprudence (2d), 176, Section 162 reads: ''* * * if the facts of the special defense are admissible under the denial, no reply is necessary.''

Therefore, apparently, it is not necessary that such defense be specially pleaded.

However, the affirmative defense of ''advice of counsel'' in the instant case having been pleaded, tendering a new issue, in our opinion, under Section 2309.27, Revised Code, and, on the authorities cited, a reply to such new matter should have been filed in order to present an issuable fact for determination by the jury.

Whether the plaintiff should have been granted leave to

file her reply, instanter, as requested, was within the discretion of the court. The trial court could not properly consider the deposition of the attorney for any purpose in passing on the motion for judgment on the pleadings. The deposition may or may not have been used by the plaintiff and the proof of the truth of such defense is an entirely different matter, the burden of which was upon the defendant. No question of a delay or a continuance was involved. In view of the dubious requirement of a reply, that such judgments should be rendered with great caution, and all the attendant circumstances, we are of the opinion that the court erred in denying plaintiff's request to file a reply.

The judgment is reversed and this cause is remanded to the Common Pleas Court for further proceedings according to law.

*Judgment reversed and cause remanded.*

BROWN and CARLISLE, JJ., concur.