EPPERLY et al., Appellants,

v.

**MEDINA CITY BOARD OF EDUCATION, Appellee.**

[Cite as *Epperly v. Medina City Bd. of Edn.* (1989), 64 Ohio App.3d 74.]

Court of Appeals of Ohio,
Medina County.

No. 1795.

Decided Sept. 6, 1989.

*Anne L. Kilbane,* for appellants.

*Dennis O'Toole* and *Robert J. Gargasz,* for appellee.

REECE, Judge.

John K. Epperly and his wife, Vivian Epperly, plaintiffs-appellants, filed an action against the Medina City Board of Education ("board"), defendant-appellee, for negligence, and loss of society and consortium. The board answered and subsequently filed a Civ.R. 12(C) motion requesting that it be granted a judgment on the pleadings. The Epperlys responded in opposition to the motion, indicating that the complaint set forth sufficient allegations.

The trial court granted judgment to the board on the pleadings. The Epperlys appeal.

### Assignment of Error I

"The trial court committed prejudicial error in sustaining defendant's motion for judgment on the pleadings where plaintiffs' complaint sufficiently stated a justiciable claim for relief under Ohio law."

The Epperlys assert that the trial court erred by granting judgment contrary to law and prejudicial to them. Civ.R. 12(C) provides:

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

In ruling upon a motion under Civ.R. 12(C), the trial court is limited to the face of the pleadings on file with the court. It cannot be supported by

facts outside those pleadings. *Conant v. Johnson* (1964), 1 Ohio App.2d 133, 135, 30 O.O.2d 157, 158, 204 N.E.2d 100, 101. Therefore, the motion for judgment on the pleadings cannot be used to obtain an adjudication of the validity of the affirmative defense unless that validity can be determined solely from the allegations in the pleadings. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 63 O.O.2d 262, 397 N.E.2d 113.

Epperly claims, in his complaint, that due to the board's negligence he has sustained numerous injuries. The board claims, in its answer, that it is immune from liability under the doctrine of sovereign immunity and that the complaint fails to comply with R.C. 2744.04(B).

Under Civ.R. 12(C), if the party opposing the motion pleads facts which are contradictory to those alleged by the moving party, the motion must be denied. *Carolyn Riley & Assoc., Inc. v. Falb* (Sept. 16, 1987) Summit App.No. 13083, unreported, 1987 WL 16987, citing 10 Wright & Miller, Federal Practice and Procedure (1973), Section 2713. The Political Subdivision Tort Liability Act ("Act"), which applies to causes of action against political subdivisions for injury to persons that arise on or after November 20, 1985, defines "political subdivision" or "subdivision" as:

"(F) * * * a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state. * * * " R.C. 2744.01(F).

Therefore, the board is a political subdivision included within the Act.

A political subdivision is not liable in damages in a civil action for injury allegedly caused by an act or omission of the political subdivision or its employee in connection with a governmental or proprietary function. R.C. 2744.02(A)(1). However, it is liable for such injury if it is caused by the negligence of its employees which occurs within or on the grounds of buildings that are used in connection with a governmental function. R.C. 2744.02(B)(4). The repair of buildings that are used in connection with the performance of a governmental function, and providing a system of public education, are governmental functions. R.C. 2744.01(C)(2)(c) and (g).

R.C. 2744.03 provides defenses or immunities for subdivisions and their employees that can be asserted to avoid liability. R.C. 2744.03 provides in pertinent part:

"(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:

"    *    *    *

"(5) The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources, unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner."

▮    In this case, the complaint broadly alleges that the board was negligent, rather than asserting that the negligence occurred within one of the specifically immune activities.  The answer sets forth the defense of statutory immunity.

Accordingly, there are material issues of fact raised by the pleadings, and the judgment as a matter of law is erroneous.  The assignment of error is well taken.

### Assignment of Error II

"The trial court committed prejudicial error in overruling plaintiffs' motion to file an amended complaint."

The Epperlys contend that the trial court erred in overruling their motion to file an amended complaint.  The trial court did not overrule the motion to file an amended complaint, but did not consider it when it determined the motion for judgment on the pleadings.  In light of our disposition of assignment of error one, the trial court may now consider the motion to amend the complaint.  This assignment is not well taken.

For the foregoing reasons, the judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion and the law.

*Judgment reversed*
*and cause remanded.*

CACIOPPO, P.J., and BAIRD, J., concur.