OPINION
{¶ 1} Plaintiff-appellant J. Brad Fearn appeals the January 31, 2006 Judgment Entry of the Licking County Court of Common Pleas dismissing his complaint asserting promissory estoppel and age discrimination claims against appellees The Longaberger Company and Russell Deaton.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On August 25, 2005, appellant filed the within action against The Longaberger Company (hereinafter "Longaberger") and Russell Deaton alleging promissory estoppel and age discrimination. Longaberger owns and operates the Longaberger Golf Club through its Development Division, of which Russell Deaton is Vice-President of Treasury and Real Estate.
 {¶ 3} On March 2, 2005, appellant, who was 54 years old, was employed with Longaberger as the First Assistant Golf Course Superintendent when his employment was terminated. Longaberger notified appellant his employment was being terminated for reasons other than his performance. Longaberger retained the position of Second Assistant Golf Course Superintendent held by Nathan Hiener, who was 22 years old at the time.
 {¶ 4} Appellant filed his complaint in the Licking County Court of Common Pleas. After answering the complaint, Longaberger moved the trial court for a Civil Rule 12(C) judgment on the pleadings. On January 31, 2006, via Judgment Entry, the trial court granted the motion and dismissed the complaint. Appellant now appeals, assigning as error:
 {¶ 5} "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S CLAIM FOR PROMISSORY ESTOPPEL.
 {¶ 6} "II. THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S CLAIM FOR AGE DISCRIMINATION.
 {¶ 7} "III. THE TRIAL COURT ERRED BY NOT ALLOWING PLAINTIFF TO AMEND HIS COMPLAINT IN LIEU OF RULE 12(C) DISMISSAL.
 {¶ 8} The standard of review of the grant of a motion for judgment on the pleadings is the same as the standard of review for a Civ. R. 12(B)(6) Motion. As the reviewing court, our review of a dismissal of a complaint based upon a judgment on the pleadings requires us to independently review the complaint and determine if the dismissal was appropriate. Rich v. Erie CountyDepartment of Human Resources (1995), 106 Ohio App.3d 88, 91,665 N.E.2d 278. A reviewing court need not defer to the trial court's decision in such cases. Id.
 {¶ 9} A motion for a judgment on the pleadings, pursuant to Civ. R. 12(C), presents only questions of law. Peterson v.Teodosia (1973), 34 Ohio St.2d 161, 165-166, 297 N.E.2d 113. The determination of a motion under Civ. R. 12(C) is restricted solely to the allegations in the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in her favor. Id. Evidence in any form cannot be considered. Conant v. Johnson (1964), 1 Ohio App.2d 133, 135,204 N.E.2d 100. In considering such a motion, one must look only to the face of the complaint. Nelson v. Pleasant (1991),73 Ohio App.3d 479, 597 N.E.2d 1137.
 I {¶ 10} In his first assignment of error, appellant maintains the trial court erred in granting appellees' motion for judgment on the pleadings relative to appellant's claim for promissory estoppel.
 {¶ 11} Promissory estoppel has been defined by the Restatement of Contracts, 2d as "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Restatement of the Law 2d, Contracts (1981) 242, Section 90; Hortman v. Miamisburg (2006),110 Ohio St.3d 194.
 {¶ 12} Promissory estoppel is applicable to employment-at-will relationships when a promise the employer should reasonably expect to induce action or forbearance on the part of the employee does induce such action or forbearance, if injustice can be avoided only by enforcement of the promise.Kelly v. Georgia-Pacific Corp. (1989), 46 Ohio St.3d 134, 139,545 N.E.2d 1244. "The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee." Id. at paragraph three of the syllabus.
 {¶ 13} Appellant's complaint sets forth the following allegations as to his claim of promissory estoppel:
 {¶ 14} "9. In the fall of 2004, plaintiff was concerned about other layoffs at Lonagaberger and was assured by his supervisor that he need not look for a job because nothing at the basket operation would affect the golf course operation.
 {¶ 15} "10. In reliance of these assurances, plaintiff did not seek out employment at a golf course over the winter when such jobs frequently become available.
 {¶ 16} "* * *
 {¶ 17} "15. Defendant, Longaberger should be promissorily estopped from denying plaintiff the benefit of the assurances of not needing to look for a job since his employment was secure, for which plaintiff seeks compensatory damages plus interest in the sum of $120,000."
 {¶ 18} A review of the allegations contained in the complaint demonstrates appellant did not allege he was specifically promised continued employment. Rather, he asserts he inferred from the statement a promise of continued employment. The statement relied upon by appellant vaguely promises future business direction. Ohio Courts have repeatedly held a promise of future benefits or opportunities without a specific promise of continued employment cannot support a promissory estoppel claim.Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108; See also, Enlow v. Empire-Detroit Steel Division, CyclopsCorporation (Aug. 1, 1995) Richland App. No. 94-CA-80;Schepflin v. Sprint-United Telephone of Ohio (Apr. 29, 1997) Richland No. 96-CA-62-2; Mesek v. Roberts Communications, Inc.
(June 30, 2006) Summit App. No. 22968; Clark v. Collins BusCorp. 136 Ohio App. 3d 448, 2000-Ohio-1640. Accordingly, the complaint does not state facts which, if proven, would rise to the level of the sort of promise necessary to invoke promissory estoppel. Appellants' complaint, therefore, does not give rise to a legally cognizable claim. The trial court properly granted the motion for judgment on the pleadings relative to appellant's claim of promissory estoppel.
 {¶ 19} Appellant's first assignment of error is overruled.
 II {¶ 20} In the second assignment of error, appellant asserts the trial court erred in granting appellees' motion for judgment on the pleadings as to appellant's claim for age discrimination.
 {¶ 21} The Ohio Supreme Court has held, "[a] plaintiff may plead a prima facie case of age discrimination by pleading a `short and plain statement of the claim showing that the party is entitled to relief'." Coryell v. Bank One Trust Co. (2004),101 Ohio St.3d 175. Further, a prima facie case of age discrimination can be made with either direct or indirect evidence of discrimination. Mauzy v. Kelly Services, Inc. (1996),75 Ohio St.3d 578.
 {¶ 22} To establish a prima facie violation of R.C.4112.14(A), a plaintiff must demonstrate (1) he or she was a member of the statutorily protected class, (2) he or she was discharged, (3) he or she was qualified for the position, and (4) he or she was replaced by, or the discharge permitted the retention of a person not belonging to the protected class.Kohmescher v. Kroger Co. (1991), 61 Ohio St.3d 501. The fourth prong was later revised to provide, "(4) was replaced by, or the discharge permitted the retention of, a person of substantially younger age." Coryell, supra.
 {¶ 23} Appellant's complaint alleges:
 {¶ 24} "2. Defendant Longaberger Co. owns and operates the Longaberger Golf Club through its Development Division, which is headed by defendant Deaton, its V.P. of Treasury and Real Estate."
 {¶ 25} "3. Defendants are employers within the meaning of R.C. 4112.01(A)(2).
 {¶ 26} "4. On March 2, 2005, plaintiff was notified that his position was eliminated and his employment was being terminated for reasons other than his performance.
 {¶ 27} "5. At the time of the elimination of plaintiff's position, defendants retained Nathan Hiener in the position of Second Assistant Golf Course Superintendent. At age 22 Hiener was a former summer intern and a recent Technical School graduate who was far less qualified and substantially younger than plaintiff.
 {¶ 28} "6. Plaintiff is a graduate of The Ohio State University with degrees in both Business and Agronomy and previously was experienced in running a business and with the turf care program at Muirfield in Dublin, Ohio.
 {¶ 29} "7. At the time of his termination, plaintiff was given a proposed severance agreement conditioning his receipt of any severance pay on the release of any claims under the Age Discrimination Employment Act. The proposed agreement presented to plaintiff failed to comply with 29 U.S.C. § 626(f)(1)(H) and he did not sign it.
 {¶ 30} "8. In determining which position to be eliminated, plaintiff was treated because of his age, less favorably than Nathan Hiener, who performed a similar function.
 {¶ 31} "* * *
 {¶ 32} "11. Defendants have exhibited a pattern or practice of age discrimination.
 {¶ 33} "12. Plaintiff realleges herein paragraphs 1 through 11 above.
 {¶ 34} "13. Defendants' actions constitute age discrimination in violation of R.C. Section 4112.02(A) and 4112.99 for which plaintiff seeks from defendants compensatory and punitive damages, including damages for emotional distress, attorneys fee's, interest and costs in the sum of $1,650.000."
 {¶ 35} In Genaro v. Baldwin (1999), 84 Ohio St.3d 293, the Ohio Supreme Court held "that for purposes of R.C. Chapter 4112, a supervisor/manager may be held jointly and/or severally liable with her/his employer for discriminatory conduct of the supervisor/manager in violation of R.C. Chapter 4112." Accordingly, the statute and the case law make it clear individual supervisors and managers may be accountable for their own discriminatory conduct occurring in the workplace environment. Id.
 {¶ 36} Upon review of the above and the allegations set forth in appellant's complaint, appellant's notice pleading of his claim for age discrimination was sufficient to withstand a Rule 12(C) motion for judgment on the pleadings against both Longaberger and Deaton, individually.
 {¶ 37} Accordingly, appellant's second assignment of error is sustained.
 III {¶ 38} In his final assignment of error, appellant argues the trial court erred in not allowing him to amend his complaint in lieu of the Rule 12(C) dismissal.
 {¶ 39} We note, appellant did not formally and separately move the trial court to allow him to amend his complaint. Rather, appellant's memorandum in opposition to defendant's motion for judgment on the pleadings requests, in the alternative:
 {¶ 40} "D. Plaintiff Should Be Permitted To Amend HisComplaint If The Court Deems It Necessary.
 {¶ 41} "Plaintiff should be permitted to amend his Complaint if the Court determines that the Complaint does not comply with Ohio's notice pleading. Plaintiff does not seek to amend his Complaint unless the Court determines that it is necessary after presuming the truth of all the factual allegations and making all reasonable inferences in favor of the plaintiff. Plaintiff should not be prohibited from amending his Complaint and providing, if necessary, additional factual allegations."
 {¶ 42} Upon review, we note appellant did not proffer an amended complaint, and appellant's response to the motion for judgment on the pleadings does not allege additional facts which would be raised in an amended complaint to support the promissory estoppel claim. Accordingly, we do not find the trial court abused its discretion in not granting appellant leave to amend his complaint as to his promissory estoppel claim.
 {¶ 43} Further, based upon our disposition of appellant's second assignment of error, we find appellant's argument herein with regard to his age discrimination claim moot.
 {¶ 44} The January 31, 2006 Judgment Entry of the Licking County Court of Common Pleas is affirmed, in part; reversed, in part; and remanded for further proceedings consistent with the law and this opinion.
By: Hoffman, P.J., Farmer, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed, in part; reversed, in part; and remanded for further proceedings consistent with the law and our opinion. Costs to be divided equally.