[Cite as *Downtown Ent. Co. v. Mullet*, 2018-Ohio-3228.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DOWNTOWN ENTERPRISES CO. | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 17CA016 |
| | : | |
| WANDA S. MULLET, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:           Appeal from the Holmes County Court
                                   of Common Pleas, Case No. 16 CV 076

JUDGMENT:                          AFFIRMED

DATE OF JUDGMENT ENTRY:            August 10, 2018

APPEARANCES:

For Plaintiff-Appellee:                  For Defendants-Appellants:

MATTHEW P. MULLEN                        CHARLES A. KENNEDY
JOHN P. MAXWELL                          111 S. Buckeye St., Suite 270
158 North Broadway                       Wooster, OH 44691
New Philadelphia, OH 44663

BLAIR A. BOWER
111 S. Washington St., Suite B
Millersburg, OH 44654

*Delaney, J.*

{¶1}   Defendants-Appellants Nicholas A. Mullet, Wanda S. Mullet, and Charlotte Wagers fka Charlotte Mullet appeal multiple judgments in favor of Plaintiff-Appellee Downtown Enterprises, Inc. issued by the Holmes County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

### Plat Map of the Disputed Parcels

{¶2}   The issue in this appeal is the ownership interest of multiple parcels of real property. In order to provide a clear picture of the facts, we include a plat map of the properties at issue:



{¶3}   The parcels at issue in this case are labeled Tract 1, Tract 2, Tract 3, and Tract 4.

**The Original Property Division**

{¶4}   Henry Centennial Logsdon owned multiple parcels of land in the Village of Millersburg, Ohio. In 1957, Logsdon transferred approximately 0.195 acres located on the east side of South Washington Street in the Village of Millersburg, Ohio, to Dean F. Engel and Mary F. Engel by General Warranty Deed. The deed excepted and reserved the right of Logsdon to use and occupy the east end of property and a barn located thereon for a period of five years. In 1961, Logsdon conveyed the reserved portion of the property and barn to Dean and Mary Engel. This parcel of property is known as "Tract 1" on the map.

{¶5}   When the Engels purchased Tract 1, they understood they owned the barn located on the property. The barn on Tract 1 consists of a traditional flat barn with a loft and high roof. On the east end of the barn, there is a one-story portion referred to as a "lean-to." The main portion of the barn sits entirely within Tract 1. The lean-to portion of the barn sits on what is labeled on the map as "Tract 2" and "Tract 4." The boundary lines of Tracts 1, 2 and 4 dissect the lean-to in a diagonal manner.

{¶6}   Logsdon died on June 10, 1970. Logsdon's Last Will and Testament devised various parcels of real estate to his family members:

SECTION II – The begining (sic) at the southgeastern (sic) point of the Bowling Alley Parking lot and extendibg (sic) north along the East line of the lot to a tile marker, the length of the Bowling Alley, thenxe (sic) east ward along the southern border of Logsdon Ave, to the N. Fair property, thence south the distance as the length as the Parking # Parking Lot, thence westward to place of begining (sic)…This parcel of land of two acres more or less, I give and bequeath to my son Atlee Wade Logsdon.

Section III – the balance of my Real Estate lying south of Wade's Parcel with the buildings thereon I bequeath to Nickolas Allen Mullet and to his and his (sic) mother Charlotte Mullet to share equally and to use and share eqyally (sic) and to improve as they may see fit.

{¶7}    Defendant-Appellant Nicholas A. Mullet is the great-grandson of Logsdon. Defendant-Appellant Charlotte Wagers fka Charlotte Mullet is the granddaughter of Logsdon and mother of Nicholas A. Mullet. Defendant-Appellant Wanda S. Mullet is the wife of Nicholas A. Mullet. The defendants will be hereinafter referred to as "the Mullets."

{¶8}    A Certificate of Transfer of Real Estate was recorded in the Holmes County Recorder's Office showing 2.54 acres inherited by Nicholas Mullet and Charlotte Mullet. In 2009, Charlotte Mullet conveyed her interest in that parcel to Nicholas Mullet. Nicholas Mullet transferred his interest to Wanda Mullet. The 2.54 acre parcel is located east of Tract 1 and includes Tract 2 and Tract 4.

{¶9}    Charlotte Mullet also inherited a parcel south of Tract 1 in the amount on 0.20 acres. In 1976, Charlotte Mullet sold the 0.20 acre parcel to Nicholas Mullet and Wanda Mullet. Nicholas Mullet transferred his interest to Wanda Mullet in 2011.

**The 1993 Litigation**

{¶10} In 1993, the Mullets filed a complaint in the Holmes County Court of Common Pleas naming the following parties as defendants: the Village of Millersburg, the Holmes County Ohio Board of Commissioners, the Hardy Township Trustees, Arlie R. Rodhe, Evelyn L. Rodhe, Dean F. Engle and Mary F. Engle. Nicholas, Wanda, and Charlotte brought two causes of action. The Mullets brought the declaratory judgment action against the defendants because the Village of Millersburg, the Holmes County Ohio

Board of Commissioners, and the Hardy Township Trustees claimed a road located to the south of Tract 1 was a public road. The road ran east to west from the east of South Washington Street in the Village of Millersburg. The location of the disputed road is identified on the map as "Tract 3."

{¶11} In the first cause of action, the Mullets alleged the road was not a public road, but a private road. In their prayer for relief, the Mullets demanded (1) declaratory judgment that the road was not a public one, (2) a declaration that the Village of Millersburg, Holmes County, and Hardy Township had no rights in the road whatsoever, and (3) a declaration that the road was owned by the abutting landowners. In the complaint, the Mullets identified seven abutting landowners of the disputed road: Nicholas and Wanda Mullet, Charlotte Mullet, Arlie and Evelyn Rodhe, and Dean and Mary Engel.

{¶12} In their second cause of action, the Mullets stated if the trial court found the road was a public road, the Mullets petitioned pursuant to R.C. 723.09 that the road be declared vacated. The Mullets argued the road had been abandoned by the Village of Millersburg and used exclusively by the plaintiffs as private property in excess of 21 years.

{¶13} Defendants Dean and Mary Engel did not file an answer to the complaint. Defendants Arlie and Evelyn Rodhe filed an answer to the complaint. Their answer was not in the record of the present case.

{¶14} On May 9, 1994, the Mullets filed a motion for summary judgment on their complaint. The trial court issued its judgment entry granting the Mullets' motion for summary judgment on October 14, 1994. The judgment entry states in pertinent part:

Plaintiffs filed this action seeking declaratory judgment that a certain road located within the Village of Millersburg, Hardy Township, Holmes County, Ohio is not a public road.

The issue now before the Court is whether Plaintiff should be granted a summary judgment on the issue of whether the road is public or private. For the reasons stated in support of Plaintiffs' Motion for Summary Judgment, I find that the governmental Defendants have failed to prove that they have established a public road across Plaintiffs' property by either statutory or common law methods.

* * *

While a review of the documents submitted by Defendants reveals references to an alleged public road across Plaintiffs' land, there is no evidence of the establishment of the public road.

* * *

Wherefore, it is hereby ORDERED, ADJUDGED AND DECREED that Declaratory Judgment is hereby granted in favor of Plaintiffs, Nicholas A. Mullet, Wanda S. Mullet and Charlotte E. Wagers, and against Defendants Village of Millersburg, Holmes County Ohio Board of Commissioners and Hardy Township Board of Trustees, to-wit:

1.) Declaring that the alleged public roadway and/or street over Plaintiffs' property is not a public roadway and/or street.

2.) Defendants have no rights in said road whatsoever.

3.) Said road is owned by the abutting property owners and has never been dedicated as a public road.

(Judgment Entry, October 14, 1994).

**The 2017 Litigation**

{¶15} The Engels owned Tract 1 until October 19, 2001, at which time they transferred the property to Dennis Schlabach. Schlabach sold Tract 1 to Plaintiff-Appellee Downtown Enterprises, Co. on December 27, 2001.

{¶16} In January and February 2006, the attorney for the Mullets sent a letter to Downtown objecting to Downtown's use of Tract 3.

{¶17} In 2009, the Mullets had a survey of the properties completed. The 2009 survey showed the legally described property line between Tract 1, Tract 2, and Tract 4 diagonally dissected the lean-to portion of the barn.

{¶18} On September 22, 2016, Downtown filed a complaint in the Holmes County Court of Common Pleas naming Nicholas Mullet and Wanda Mullet as defendants. Count I and Count II of the complaint set forth claims for adverse possession of Tract 2 and Tract 4. Count III of the complaint asked the trial court to quiet title in its favor as to Tract 3.

{¶19} On October 7, 2016, Nicholas Mullet and Wanda Mullet filed their answer and counterclaim, with a jury demand. In their Count I of their counterclaim, the Mullets brought a claim for quiet title. The Mullets alleged Nicholas and Charlotte were the owners of all of Tract 3 as a matter of law because Logsdon devised that property to them in his will. In Count II of their counterclaim, Wanda brought a claim for trespass against

Downtown and requested damages, including punitive damages and attorney fees. She alleged Downtown trespassed on the lands Tract 2 and Tract 4, lands she owned.

{¶20} On January 13, 2017, the Mullets filed a motion for partial summary judgment on Downtown's quiet title action for Tract 3. The Mullets argued there was no genuine issue of material fact that he and Wagers were the owners of all of Tract 3 because Logsdon transferred the property to them in his will. The Mullets contended the 1993 Litigation was not a quiet title action as to Tract 3 and did not vest the Engels with ownership rights in Tract 3. The issue in the 1993 Litigation was solely on the issue of whether Tract 3 was a public or private roadway pursuant to statute. The trial court determined Tract 3 was a private roadway.

{¶21} Downtown filed an amended complaint naming Charlotte as an additional defendant.

{¶22} On January 17, 2017, Downtown filed a motion for partial summary judgment requesting judgment in favor of Downtown on Count III of its complaint requesting quiet title to Tract 3 and judgment in its favor on the counterclaims of the Mullets. The thrust of Downtown's argument was based on the 1993 Litigation. It argued under the doctrine of res judicata, the 1993 Litigation resolved the ownership issue of Tract 3. In the October 14, 1994 judgment entry, the trial court found Tract 3 was a private roadway and was owned by the abutting property owners. Downtown alleged Engels and the Mullets were the abutting property owners of Tract 3; therefore, the Engels owned one-half of Tract 3 and the Mullets owned one-half of Tract 3. Accordingly, when the Engels transferred their ownership interests to Downtown, Downtown became the owners of one-half of Tract 3.

{¶23}  The parties responded to the motions for partial summary judgment.

{¶24} On March 23, 2017, the Mullets filed a motion for judgment on the pleadings. They argued Downtown's claim for quiet title as to Tract 3 was barred by the statute of limitations because the claim accrued on October 14, 1994, the date the trial court issued its judgment entry that Tract 3 was a private roadway. Pursuant to R.C. 2305.04, the quiet title action expired after 21 years. Downtown responded to the motion for judgment on the pleadings, arguing its cause of action did not accrue until it took possession of the property in 2001.

{¶25} Charlotte filed a separate motion for partial summary judgment on April 14, 2017. She argued there was no genuine issue of material fact that she inherited Tract 3 from Logsdon and was entitled to judgment as a matter of law on Count III of Downtown's complaint.

{¶26} On April 14, 2017, the Mullets filed a memorandum on their request for a jury trial on Counts I and II of Downtown's complaint. Downtown claimed in Counts I and II it was entitled to adverse possession of Tract 2 and Tract 4. Downtown responded to the memorandum that because it was looking for equitable relief, the defendants were not entitled to a jury trial.

{¶27} In June 2017, the trial court issued its rulings on the multiple pending motions:

- On June 2, 2017, the trial court ruled on the motions for partial summary judgment as to the ownership interest of Tract 3. It denied the motion for partial summary judgment filed by the Mullets and granted the motion for partial summary judgment filed by Downtown on Count III of its amended complaint

and Counts I and II of the Mullets' counterclaim. The trial court found the October 14, 1994 judgment entry in the 1993 Litigation was dispositive of the quiet title action presented by Downtown in Count III of its complaint and dispositive of the Mullets' first counterclaim. The trial court interpreted the October 14, 1994 judgment entry to award the Engels one-half ownership of Tract 3 as an "abutting property owner." The trial court found based on the October 14, 1994 judgment entry there was no genuine issue of material fact that Downtown owned the northern one-half of Tract 3 and the Mullets' claim was barred by res judicata.

- On June 2, 2017, the trial court denied the Mullets' motion for judgment on the pleadings that argued Downtown's claim quiet title was barred by the statute of limitations.

- On June 2, 2017, the trial court denied Charlotte's motion for partial summary judgment.

- On June 21, 2017, the trial court denied the Mullets' demand for a jury trial. The trial court found that since Downtown was already in possession of the real property, the only relief available to Downtown was equitable relief.

{¶28} The matter proceeded to a bench trial on July 20, 2017. The only claims to be resolved at the bench trial were Counts I and II of Downtown's first amended complaint; i.e., whether Downtown adversely possessed Tract 2 and Tract 4. On August 14, 2017, the trial court issued its findings of fact and conclusions of law holding that Downtown was entitled to judgment on Counts I and II of its complaint. The trial court quieted the title to Tract 2 and Tract 4 in favor of Downtown.

{¶29} After the trial court's judgment, Downtown became the record owner of Tract 2, one-half of Tract 3, and Tract 4.

{¶30} It is from the trial court's judgment entries the Mullets now appeal.

**ASSIGNMENTS OF ERROR**

{¶31} The Mullets raise seven Assignments of Errors:

{¶32} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING THE MULLETS AND WAGERS' MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNT III OF THE FIRST AMENDED COMPLAINT FOR THE REASON THE CLAIM WAS BARRED BY THE STATUTE OF LIMITATIONS, R.C. 2305.04.

{¶33} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT TO DOWNTOWN ENTERPRISES ON COUNT III OF THE FIRST AMENDED COMPLAINT BY HOLDING OWNERSHIP OF 'TRACT 3' HAD BEEN LITIGATED AND DECIDED BY A JUDGMENT ENTRY, DATED OCTOBER 14, 2004 [SIC].

{¶34} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING THE MULLETS' MOTION FOR PARTIAL SUMMERY JUDGMENT WITH RESPECT TO THE OWNERSHIP OF 'TRACT 3' FOR THE REASON THAT DOWNTOWN ENTERPRISES' CLAIM OF OWNERSHIP WAS BARRED BY THE DOCTRINE OF RES JUDICATA.

{¶35} "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT TO DOWNTOWN ENTERPRISES ON 'TRACT 3' AND NOT GRANTING SUMMARY JUDGMENT TO MULLET BECAUSE MULLET AND WAGERS

INHERITED 'TRACT 3,' WHICH ABUTTED THE PROPERTY OF DOWNTOWN ENTERPRISES.

{¶36} "V. THE TRIAL COURT ERRED AS A MATTER OF LAW BY HOLDING ALL OF 'TRACT 3' WAS OWNED BY DOWNTOWN ENTERPRISES BECAUSE WANDA MULLET OWNED ONE-HALF UNDER THE 1994 JUDGMENT ENTRY.

{¶37} "VI. THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING THE MULLETS A JURY TRIAL ON DOWNTOWN ENTERPRISES' CLAIM FOR ADVERSE POSSESSION.

{¶38} "VII. THE TRIAL COURT ERRED AS A MATTER OF LAW GRANTING SUMMARY JUDGMENT IN FAVOR OF DOWNTOWN ENTERPRISES ON WANDA MULLET'S COUNTERCLAIM FOR TRESPASS."

## ANALYSIS

### I. JUDGMENT ON THE PLEADINGS

{¶39} The Mullets contend in their first Assignment of Error that the trial court erred when it denied its motion for judgment on the pleadings arguing Count III of Downtown's amended complaint alleging it owned one-half of Tract 3 was barred by the statute of limitations. We disagree.

{¶40} A motion for a judgment on the pleadings, pursuant to Civ. R. 12(C), presents only questions of law. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165–166, 297 N.E.2d 113 (1973). The determination of a motion under Civ. R. 12(C) is restricted solely to the allegations in the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in its favor. *Id.* Evidence in any form cannot be considered. *Conant v. Johnson*,

1 Ohio App.2d 133, 135, 204 N.E.2d 100 (1964). In considering such a motion, one must look only to the face of the complaint. *Nelson v. Pleasant*, 73 Ohio App.3d 479, 597 N.E.2d 1137 (1991). *State by & through Wray v. Karl R. Rohrer Assoc., Inc.*, 5th Dist. Tuscarawas No. 2017AP030008, 2018-Ohio-65, 2018 WL 340114, ¶ 12

{¶41} In its motion, the Mullets argued Downtown's action to quiet title to Tract 3 was barred by the statute of limitations established in R.C. 2305.04. The statute reads:

An action to recover the title to or possession of real property shall be

brought within twenty-one years after the cause of action accrued, * * *.

R.C. 2305.04. The Mullets allege Downtown's quiet title action accrued on October 14, 1994, when the trial court ruled Tract 3 was a private roadway owned by the abutting property owners. The Mullets contend Downtown should have brought its action to quiet title by October 14, 2015.

{¶42} Downtown responds that its cause of action for quiet title did not accrue until it had an ownership interest in Tract 1, the abutting property to Tract 3, on December 27, 2001. It argues that pursuant to case law, a cause of action for quiet title does not accrue and therefore the statute of limitations does not begin to run until a plaintiff takes possession of the property. Therefore, the statute of limitations for a quiet title action in this case would not end until December 27, 2022.

{¶43} In *Cox v. Kimble*, 5th Dist. Guernsey No. 13 CA 32, 2015-Ohio-2470, ¶ 60, we held:

under R.C. § 2305.04, the twenty-one year statute of limitations does not

begin to run until a plaintiff's cause of action accrues. The cause of action

does not accrue until the defendant takes possession of the disputed

property. See *Webster v. Pittsburgh, Cleveland and Toledo Ry.* (1908), 78

Ohio St. 87, 84 N.E. 592, paragraph one of the syllabus.

{¶44} On October 14, 1994, the trial court issued a judgment entry stating Tract 3 was a private roadway owned by the abutting property owners. At the time of that judgment entry, the Engels were the owners of the abutting property, Tract 1. It was not until December 27, 2001, that Downtown became the owner of Tract 1 and possibly Tract 3, an issue that could be resolved with a quiet title action. On September 22, 2016, Downtown filed its original complaint bringing a quiet title action as to Tract 3. Its complaint was filed within the 21-year statute of limitations period as required by R.C. 2305.04.

{¶45} Construing all reasonable inferences in favor of Downtown, the non-moving party, we find no error for the trial court to overrule the Mullets' motion for judgment on the pleadings based on a statute of limitations argument.

{¶46} The Mullets' first Assignment of Error is overruled.

## II., III., IV., V., and VII. SUMMARY JUDGMENT

{¶47} We consider the Mullets' second, third, fourth, fifth, and seventh Assignments of Error together because they concern the trial court's June 2, 2017 judgment entry denying the motion for partial summary judgment filed by the Mullets and granting the motion for partial summary judgment filed by Downtown as to the ownership interest of Tract 3.

{¶48} We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

Summary judgment shall be rendered forthwith if the pleading, depositions,

answers to interrogatories, written admissions, affidavits, transcripts of

evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶49} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶50} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

{¶51} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and

evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶52} In Count III of Downtown's amended complaint, Downtown sought a declaration that it owned a portion of Tract 3; specifically, that it owned 15 feet of the 30 foot wide strip of property between Tract 1 to the north and the Mullets' property to the south. In Count I of the Mullets' counterclaim, Nicholas and Charlotte alleged they were the owners of all of Tract 3 by virtue of Logsdon's Last Will and Testament. Both parties filed motions for partial summary judgment on the issue of who owned Tract 3.

{¶53} In support of its motion, Downtown relied upon the 1993 Litigation. It stated there was no genuine issue of material fact that the October 14, 1994 judgment entry granted the Engels, and therefore Downtown, ownership interest in Tract 3. Downtown further argued, because the October 14, 1994 judgment entry resolved the issue of ownership, the Mullets' claim for quiet title was barred by the doctrine of res judicata. In support of their motion for partial summary judgment, Downtown provided as Civ.R. 56 evidence the complaint and judgment entry in the 1993 Litigation.

{¶54} In their motion for partial summary judgment, the Mullets relied upon the terms of Logsdon's Last Will and Testament to argue there was no genuine issue of material fact that Logsdon bequeathed all of Tract 3 to Nicholas and Charlotte. The Mullets also disputed Downtown's interpretation of the October 14, 1994 judgment entry. The declaratory judgment action was not a quiet title action to determine the ownership interests of Tract 3. The declaratory judgment action and resulting judgment entry, they argued, were limited to the issue of whether Tract 3 was a private or public roadway pursuant to Ohio law. In support of their motion, the Mullets provided as Civ.R. 56

evidence Logsdon's Last Will and Testament, the certificate of transfers pursuant to the terms of Logsdon's will, the warranty deeds transferring the various properties to the Mullets, and the original complaint filed in the 1993 Litigation.

{¶55} The trial court ruled on June 2, 2017, that the ownership of Tract 3 was decided in the 1993 Litigation. It found,

14. The Court ruled unequivocally in 93-C-150 that the road is owned by the abutting property.

15. That ruling is dispositive of the quiet title action presented by Plaintiff's count three of its complaint, which seeks a declaration that Plaintiff owns the northern one-half of the disputed roadway.

16. The Court's prior ruling in 93-C-150 is also dispositive of the claim presented in count one of the counterclaim. The claim presented by the Defendant is barred by res judicata.

(June 2, 2017 Judgment Entry).

{¶56} In their multiple Assignments of Error, the Mullets request this Court to conduct a de novo review of the motions for partial summary judgment. The issue is whether the parties established there was no genuine issue of material fact as to the ownership of Tract 3.

**The 1993 Litigation and Ownership of Tract 3**

{¶57} The Mullets' prayer for relief in the 1993 Litigation demanded (1) declaratory judgment that the road was not a public one, (2) a declaration that the Village of Millersburg, Holmes County, and Hardy Township had no rights in the road whatsoever, and (3) a declaration that the road was owned by the abutting landowners. In the

complaint, the Mullets identified seven abutting landowners of the disputed road: Nicholas and Wanda Mullet, Charlotte Mullet, Arlie and Evelyn Rodhe, and Dean and Mary Engel.

{¶58} The trial court ruled that pursuant to Ohio law, Tract 3 was a private roadway. It held:

> Wherefore, it is hereby ORDERED, ADJUDGED AND DECREED that Declaratory Judgment is hereby granted in favor of Plaintiffs, Nicholas A. Mullet, Wanda S. Mullet and Charlotte E. Wagers, and against Defendants Village of Millersburg, Holmes County Ohio Board of Commissioners and Hardy Township Board of Trustees, to-wit:
>
> 1.) Declaring that the alleged public roadway and/or street over Plaintiffs' property is not a public roadway and/or street.
>
> 2.) Defendants have no rights in said road whatsoever.
>
> 3.) Said road is owned by the abutting property owners and has never been dedicated as a public road.

(Judgment Entry, October 14, 1994).

{¶59} Upon our de novo review of the 1993 Litigation, we find that reasonable minds could only come to one conclusion that the declaratory judgment action established the ownership interests as to Tract 3. The trial court in the 1993 Litigation found as a matter of law that the Mullets were entitled to the relief requested in their complaint. Tract 3 was a private road not owned by any governmental entity, but owned by the abutting property owners named in the Mullets' complaint. No party to the complaint appealed the October 14, 1994 judgment entry to challenge the trial court's declaration of ownership as to Tract 3.

{¶60} We agree with Downtown that the Mullets' renewed claim of ownership to Tract 3 is now barred by the doctrine of res judicata. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 1995–Ohio–331, 653 N.E.2d 226, syllabus. "The doctrine of *res judicata* involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." *Id.* at 381, 653 N.E.2d 226. Claim preclusion "prevents a party from litigating a cause of action after a prior court has rendered a final judgment on the merits of that cause as to that party." *Krahn v. Kinney,* 43 Ohio St.3d 103, 107, 538 N.E.2d 1058 (1989), citing *Norwood v. McDonald,* 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph one of the syllabus. Issue preclusion "precludes the relitigation of an issue that has been 'actually and necessarily litigated and determined in a prior action." ' *Krahn,* at 107, 538 N.E.2d 1058, quoting *Goodson v. McDonough Power Equipment, Inc.,* 2 Ohio St.3d 193, 195, 443 N.E.2d 978 (1983).

{¶61} In the 1993 Litigation, the Mullets requested the trial court determine who owned Tract 3, the abutting property owners or local governmental entities. The Mullets never raised the argument that they were the sole owners of Tract 3. The trial court determined Tract 3 was owned by the abutting property owners named in the Mullets' complaint. The Mullets did not appeal any aspect of the trial court's judgment as to ownership. Reasonable minds could only conclude the Mullets are precluded by the doctrine of res judicata from now arguing they are the sole owners of Tract 3 when that issue could have been raised in the 1993 Litigation.

{¶62} We find res judicata also bars the Mullets' claim there is no genuine issue of material fact that they are the owners of Tract 3 pursuant to Logsdon's Last Will and Testament, as raised in their fourth Assignment of Error. In 1970, the Mullets state Logsdon bequeathed Tract 3 to Nick and Charlotte. The Mullets did not raise the issue that they owned Tract 3 pursuant to Logsdon's Last Will and Testament during the 1993 Litigation. The Mullets argued in the 1993 Litigation that the abutting property owners named in the complaint were the owners of Tract 3.

{¶63} In their third Assignment of Error, the Mullets argue Downtown's claim it has an ownership interest in Tract 3 is barred by res judicata. We find this argument to be without merit because the 1993 Litigation determined the Engels, and therefore Downtown as successors in interest, had an ownership interest in Tract 3.

{¶64} The Mullets' second, third, fourth, and fifth Assignments of Error are overruled.

### Count II of the Mullets' Counterclaim

{¶65} In the trial court's June 2, 2017 judgment entry, the trial court granted summary judgment in favor of Downtown on Counts I and II of the Mullets' counterclaim. Count I of the counterclaim requested the trial court quiet title as to Tract 3 allegedly owned by Nicholas and Charlotte. Count II of the counterclaim alleged Downtown trespassed on the lands Wanda owned, Tract 2 and Tract 4, and requested damages therefrom.

{¶66} A review of the parties' motions for partial summary judgment shows the motions were limited only to Count III of the amended complaint regarding Tract 3 and

Count I of the counterclaim regarding Tract 3. Count II of the counterclaim was not raised by either party.

{¶67} As such, we find the trial court erred in granting summary judgment in favor of Downtown on Count II of the counterclaim when neither party asked for relief on the matter. Count II of the counterclaim was still pending before the trial court at the time of trial. The Mullets' seventh Assignment of Error is sustained. However, as we will discuss below, the trial court's error in granting summary judgment in favor of Downtown on Count II of the counterclaim is rendered moot because the Mullets did not appeal the August 14, 2017 judgment entry finding Downtown was the owner of Tract 2 and Tract 4 pursuant to adverse possession.

## VI. JURY TRIAL

{¶68} The Mullets claim in their sixth Assignment of Error that the trial court erred when it denied their request for a jury trial. The Mullets' argument raises a legal claim, which we review de novo.

{¶69} In Counts I and II of their amended complaint, Downtown requested the trial court through adverse possession determine it was in possession of Tract 2 and 4. In their answer and counterclaim, the Mullets demanded a jury trial. In Count I of the counterclaim, Nicholas and Charlotte brought a quiet title action on Tract 3. In Count II of the counterclaim, Wanda alleged trespass on Tract 2 and Tract 4, requesting damages.

{¶70} On April 14, 2017, the Mullets filed a memorandum requesting a jury trial as to their claims for trespass and Downtown's claims for adverse possession. Downtown responded to the memorandum on April 26, 2017, arguing they were only seeking equitable relief. The trial court denied the request for a jury trial on June 21, 2017. The

trial court found that Downtown's claims for adverse possession sounded in equitable relief, for which a party was not entitled to a jury trial.

{¶71} Based on the trial court's granting of summary judgment in favor of Downtown on Count III of Downtown's complaint and Count I and Count II of the Mullets' counterclaim, the matter proceeded to a bench trial on Downtown's claim of adverse possession of Tract 2 and Tract 4. We determined above the trial court erroneously granted summary judgment in favor of Downtown on Count II of the Mullets' counterclaim. The bench trial should have proceeded on Downtown's claim for adverse possession of Tract 2 and Tract 4 and the Mullets' counterclaim that Downtown trespassed on Tract 2 and Tract 4.

{¶72} Our ability to address this error and the issue of the Mullets' jury demand is limited, however. The Mullets' appellate posture affects this Court's review of the lower court's judgments.

{¶73} On August 14, 2017, the trial court determined Downtown adversely possessed Tract 2 and Tract 4. The Mullets did not raise as a separate assignment of error challenging the trial court's August 14, 2017 judgment in favor of Downtown on its claim for adverse possession of Tract 2 and Tract 4. This Court cannot address the August 14, 2017 judgment entry because the Mullets did not separately assign this judgment as an error as required by App.R. 16(A)(3). *State ex rel. Atty. Gen. v. Vela*, 2013-Ohio-1049, 987 N.E.2d 722, ¶ 56 (5th Dist.). The August 14, 2017 judgment entry granting judgment in favor of Downtown on its claim for adverse possession for Tract 2 and Tract 4 remains the law of the case.

{¶74} It is logical that if Downtown is the owner of Tract 2 and Tract 4 pursuant to adverse possession, Downtown could not have unlawfully entered upon Tract 2 and Tract 4. The Mullets' claim for trespass on Tract 2 and Tract 4 is therefore not viable because it is the law of the case that Downtown possessed Tract 2 and Tract 4.

{¶75} "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions." *State v. Feister*, 5th Dist. Tuscarawas No. 2018 AP 01 0005, 2018-Ohio-2336, ¶ 28 quoting *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808 (1920), *quoting California v. San Pablo & Tulare R. Co.*, 149 U.S. 308, 314, 13 S.Ct. 876, 878, 37 L.Ed. 747 (1893*); Accord, North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 92, 30 L.Ed.2d 244(1971). Because mootness is a jurisdictional question, the question of mootness is one that must be addressed even if the parties do not raise it. *North Carolina v. Rice*, 404 U.S. at 246, 92 S.Ct. 92, 30 L.Ed.2d 244.

{¶76} No actual controversy exists where a case has been rendered moot by an outside event. "It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error." *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21(1910), syllabus; *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655(1991).

{¶77} The trial court's granting of summary judgment on Count II of the Mullets' counterclaim and the denial of Mullets' request for a jury trial was rendered moot because the Mullets' failed to appeal the August 14, 2017 judgment that Downtown adversely possessed Tract 2 and Tract 4. An opinion whether the trial court erred in denying the

Mullets' request for a jury trial on their claim for trespass would be merely academic. The

Mullets' sixth Assignment of Error is dismissed.

## CONCLUSION

{¶78} Accordingly, we affirm the judgment of the Holmes County Court of

Common Pleas.

By:  Delaney, J.,

Hoffman, P.J. and

Baldwin, J., concur.