[Cite as *Mackay v. Thomas*, 2018-Ohio-4154.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KERISSA MACKAY, Parent and Natural Guardian of CONRAD MACKAY and ROWAN MACKAY, et al. | JUDGES: Hon. John W. Wise, P. J. Hon. Patricia A. Delaney, J. Hon. Craig R. Baldwin, J. |
| Plaintiffs-Appellants | |
| -vs- | |
| | Case No. 2018 AP 03 0012 |
| CLARA THOMAS | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:          Civil Appeal from the Court of Common
                                                          Pleas, Case No.  2017 CT 04 0253


JUDGMENT:                                      Affirmed


DATE OF JUDGMENT ENTRY:        October 11, 2018


APPEARANCES:

For Plaintiffs-Appellants                    For Defendant-Appellee

JUDE B. STREB                                DENNIS R. ROSE
JUSTIN S. GREENFELDER                HAHN LOESER & PARKS, LLP
BUCKINGHAM, DOOLITTLE &           200 Public Square
BURROUGHS, LLC                          Suite 2800
4518 Fulton Drive, NW, Suite 200        Cleveland, Ohio  44114-2316
P. O. Box 35548
Canton, Ohio  44735-5548

*Wise, P. J.*

**{¶1}** Plaintiffs-Appellants Kerissa Mackay, Parent and Natural Guardian of Conrad Mackay and Rowan Mackay, and Katherine Mackay appeal the February 14, 2018, Judgment Entry entered by the Tuscarawas County Court of Common Pleas, granting the Motion for Judgment on the Pleadings filed by Defendant-Appellee Clara Thomas.

**STATEMENT OF THE CASE AND FACTS**

**{¶2}** The relevant facts and procedural history are as follows:

**{¶3}** On April 13, 2017, Plaintiffs-Appellants, Kerissa Mackay, Parent and Natural Guardian of Conrad Mackay and Rowan Mackay, and Katherine Mackay ("Appellants")[1] filed their Complaint against Defendant-Appellee Clara Thomas ("Appellee") in the Tuscarawas County Court of Common Pleas. In said Complaint, Appellants asserted claims for intentional interference with expectancy of inheritance, constructive trust, declaratory judgment, and accounting.

**{¶4}** On June 13, 2017, Appellee filed her answer to Appellants' Complaint.

**{¶5}** On July 7, 2017, Appellants filed an Amended Complaint, adding claims for fraudulent transfer and punitive damages, to which Appellee filed her answer on July 19, 2017.

**{¶6}** In their Amended Complaint, Appellants allege the following facts:

---

[1] Katherine Mackay is the great-niece, and Conrad and Rowan Mackay are the great-great nephew and great-great nice of William J. Thomas, the decedent in this matter.

**{¶7}** William Thomas and Clara Thomas were married on April 20, 1991. (Amended Complaint ¶ 9). They remained married until William passed away on September 9, 2014. (AC ¶10).

**{¶8}** In 2010, William and Clara, residents of Florida, engaged Andre Patrone, a licensed attorney in Florida, to draft wills and trusts for them (the "2010 Will" and "2010 Trust," respectively). Under the terms of the 2010 Will and the 2010 Trust, if William was survived by Clara, all of his interest in the marital residence and the tangible property would pass to Clara outright, and all of William's other assets would pass to a Trust for Clara's benefit. (AC ¶¶ 12-14).

**{¶9}** In June or July 2014, William discussed a new estate plan with Attorney Edd K. Wright. The proposed new estate plan was to be comprised of a new will and trust. (AC ¶21).

**{¶10}** On or about July 18, 2014, Attorney Wright brought a draft of the 2014 Will to Union Hospital in Dover, Ohio, where William was hospitalized. (AC ¶24). Due to a quarantine, Attorney Wright was not permitted by the medical professionals to see William. (AC ¶25). Attorney Wright handed the 2014 draft will to a nurse, with instructions to give the document to William (AC ¶26).

**{¶11}** Appellee Clara Thomas acknowledged that she reviewed the 2014 draft Will and destroyed it, stating it contained factual inaccuracies. (AC ¶28).

**{¶12}** Attorney Wright had not yet drafted a new Trust document. (AC ¶¶29-30).

**{¶13}** William Thomas died on September 9, 2014. (AC ¶41).

**{¶14}** After William's death, the 2010 Will was admitted to the Probate Court in Lee County, Florida, Case Number 14-CP-2189. (AC ¶44). Pursuant to the terms of the

2010 Will, the Decedent's probate assets were transferred to the 2010 Trust, for the benefit of Appellee Clara Thomas, and withdrawn from the Trust, pursuant to the power of withdrawal that was granted to her in the Trust. (AC ¶¶43-44).

{¶15} On October 18, 2017, Appellee filed a Motion for Judgment on the Pleadings requesting the trial court to dismiss Appellants' First Amended Complaint, claiming that Appellants' claims were barred by both Ohio and Florida law.

{¶16} Appellee's principal arguments were that the pour-over will drafted by the decedent's attorney in 2014, which was later destroyed by Appellee, did not meet the basic requirements of Ohio law and that Appellants' intentional interference with expectancy of inheritance claim constituted a "collateral action" barred by Ohio Law and the Florida Probate Code.

{¶17} On November 6, 2017, Appellants filed their opposition to Appellee's Motion for Judgment on the Pleadings.

{¶18} On February 14, 2018, following an oral hearing, the trial court issued its Judgment Entry granting Appellee's Motion for Judgment on the Pleadings.

{¶19} Appellant now appeals, assigning the following assignments of error:

**ASSIGNMENTS OF ERROR**

{¶20} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING THAT THE APPELLANT'S FIRST AMENDED COMPLAINT FAILS TO ALLEGE FACTS THAT WOULD ENTITLE APPELLANTS TO RELIEF UNDER AN INTENTIONAL INTERFERENCE WITH EXPECTANCY OF INHERITANCE CLAIM BECAUSE THE TRIAL COURT FAILED TO CONSTRUE ALL FACTS ALLEGED IN APPELLANTS'

FIRST AMENDED COMPLAINT AS TRUE AND TO DRAW ALL REASONABLE INFERENCES THEREFROM IN FAVOR OF APPELLANTS.

{¶21} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING THAT APPELLANTS' CLAIMS HAD ALREADY BEEN DECIDED BY THE FLORIDA PROBATE COURT AND WERE A MATTER OF RES JUDICATA, BECAUSE THE TRIAL COURT MISAPPLIED FLORIDA LAW AND THE ISSUES IN THIS CASE WERE NOT AND COULD NOT HAVE BEEN ADJUDICATED BY THE FLORIDA COURTS.

"1. APPELLANTS LACKED STANDING AND, THEREFORE, DID NOT HAVE AN ADEQUATE REMEDY FOR THEIR CLAIMS IN THE FLORIDA PROBATE COURT.

"2. APPELLANTS LACKED STANDING AND, THEREFORE, DID NOT HAVE AN ADEQUATE REMEDY TO PURSUE THEIR CLAIMS IN THE FLORIDA PROBATE COURT

"3. THE TRIAL COURT IMPROPERLY FOUND THAT APPELLANTS' CLAIMS WERE BARRED BY THE FLORIDA PROBATE COURT AND WERE A MATTER OF RES JUDICATA

"4. FLORIDA PROBATE LAW DOES NOT APPLY TO THE NON-PROBATE TRUST ASSETS WHICH APPELLANTS WERE TO HAVE INHERITED FROM THE DECEDENT.

{¶22} "III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING THAT APPELLEE WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON APPELLANTS' REMAINING CLAIMS FOR THE ALLEGED REASON THAT THOSE

CLAIMS ARE DEPENDENT UPON APPELLANTS' INTENTIONAL INTERFERENCE WITH EXPECTANCY OF INHERITANCE CLAIM."

**I.**

**{¶23}** In their first assignment of error, Appellants argue the trial court erred in finding that their amended complaint did not allege sufficient facts to support a claim for intentional interference with the expectancy of inheritance. We disagree.

*Standard of Review*

**{¶24}** Civ.R. 12(C) provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The standard of review of the grant of a motion for judgment on the pleadings is the same as the standard of review for a Civ.R. 12(B)(6) motion. As the reviewing court, our review of a dismissal of a complaint based upon a judgment on the pleadings requires us to independently review the complaint and determine if the dismissal was appropriate. *Rich v. Erie County Department of Human Resources*, 106 Ohio App.3d 88, 91, 665 N.E.2d 278 (1995). A reviewing court need not defer to the trial court's decision in such cases. *Id.*

**{¶25}** A motion for a judgment on the pleadings, pursuant to Civ.R. 12(C), presents only questions of law. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165–166, 297 N.E.2d 113 (1973). The determination of a motion under Civ.R. 12(C) is restricted solely to the allegations in the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in its favor. *Id.* Evidence in any form cannot be considered. *Conant v. Johnson*, 1 Ohio App.2d 133, 135, 204 N.E.2d 100 (1964). In considering such a motion, one must

look only to the face of the complaint. *Nelson v. Pleasant*, 73 Ohio App.3d 479, 597 N.E.2d 1137 (1991).

*Intentional Interference with Expectancy of Inheritance*

**{¶26}** The Ohio Supreme Court has held that any person who can prove the elements of intentional interference with expectancy of inheritance has the right to maintain that cause of action. *Firestone v. Galbreath,* 67 Ohio St.3d 87, 88, 616 N.E.2d 202 (1993). The elements of intentional interference with an expectancy of inheritance are: (1) the plaintiff's expectancy of an inheritance; (2) the defendant's intentional interference with that expectancy of inheritance; (3) conduct by the defendant involving the interference that is tortious in nature, such as fraud, duress or undue influence; (4) a reasonable certainty that the expectancy of inheritance would have been realized, but for the defendant's interference; and (5) damage resulting from the interference. *Id.*

**{¶27}** In the case *sub judice*, Appellants allege that, but for Appellee's actions, the Decedent would have executed an additional estate plan document, specifically the Will drafted in 2014.

**{¶28}** The Will, which the decedent would have purportedly executed, contained the following clause:

**Item III**

All of the remainder of my estate, both real and personal, wheresoever the same may be situated, I bequeath to the **William J. Thomas Trust** as drafted by my attorney E.K. Wright in New Philadelphia, Ohio. (emphasis in original).

**{¶29}** However, there is no allegation in the Complaint that the Appellee interfered with the drafting, review or execution of the 2014 William J. Thomas Trust. Appellants have, in fact, conceded that the Trust was never drafted. (AC §29).

**{¶30}** R.C. §2107.63, which is also referred to as Ohio's pour-over clause statute, provides:

> A testator may by will devise, bequeath, or appoint real or personal property or any interest in real or personal property to a trustee of a trust that is evidenced by a written instrument signed by the testator or any other settlor either before or on the same date of the execution of the will of the testator, that is identified in the will, and that has been signed, or is signed at any time after the execution of the testator's will, by the trustee or trustees identified in the will or their successors or by any other person lawfully serving, by court appointment or otherwise, as a trustee.

**{¶31}** A pour-over clause is a provision in a will directing the distribution of a decedent's property into a trust. *Black's Law Dictionary* 608 (5th Ed. 1983).

**{¶32}** As set forth above, R.C. § 2107.63 , specifically requires that a trust be "evidence by a written instrument."

**{¶33}** As such, Appellants arguments that Atty. Wright was still working on, but had not yet drafted the trust agreement, and/or that the decedent had created an oral trust, fail as same do not comply with the requirements that the trust be written and executed simultaneously with or prior to the will containing a pour-over clause.

{¶34} Inasmuch as the 'pour-over' bequest to the living trust fails, the residue would descend as intestate property in the absence of something to save it. *Knowles v. Knowles*, 4 Ohio Misc. 153, 160–61, 212 N.E.2d 88, 94 (P.C.1965).

{¶35} Here, because the residue and remainder of the estate could not be 'poured-over' to the living trust, the residuary estate would descend to the next-of-kin, in this case Appellee as the surviving spouse, pursuant to the intestate rules of descent and distribution as set forth in R.C. 2105.06(E).

{¶36} Having found that even "but for" Appellee's alleged actions in preventing the execution of the 2014 Will, the trust bequest would have passed to Appellee, we find that Appellants cannot meet their burden of showing "a reasonable certainty that the expectancy of inheritance would have been realized, but for the defendant's interference."

{¶37} Based on the foregoing, we find that Appellee was entitled to judgment on the pleadings. Appellant's first assignment of error is overruled.

**II.**

{¶38} In their second assignment of error, Appellants argue the trial court erred in finding that their claims were barred by the doctrine of *res judicata*.

{¶39} Inasmuch as our holding on the first assignment of error is dispositive of the case, we find that such holding renders Appellants' second assignment of error moot and we will not address same.

**III.**

{¶40} In Appellants' third assignment or error, they argue the trial court erred in dismissing their remaining claims. We disagree.

**{¶41}** Appellants concede that the remaining claims in their amended complaint were dependent upon Appellants' claim for intentional interference with expectancy of inheritance.

**{¶42}** Having found above that Appellants' claim for intentional interference with expectancy of inheritance fails, we find that Appellants' derivative claims likewise fail.

**{¶43}** Appellants' third assignment of error is overruled.

**{¶44}** For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/d 1002