[Cite as *Evanston Ins. Co. v. ProCentury Ins. Co.*, 2019-Ohio-4214.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

EVANSTON INSURANCE COMPANY, et al.

      Appellants

      v.

PROCENTURY INSURANCE COMPANY

      Appellee

C.A. No.     18CA011438

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    17CV192592

DECISION AND JOURNAL ENTRY

Dated: October 15, 2019

CARR, Presiding Judge.

**{¶1}** Plaintiffs-Appellants Evanston Insurance Company ("Evanston") and Veard Construction Company ("Veard") appeal the judgment of the Lorain County Court of Common Pleas. This Court reverses and remands this matter for further proceedings consistent with this decision.

I.

**{¶2}** In 2011, Veard entered into a contract with Lakeview Estates, Inc. to repair damages caused by a fire to apartments owned by Lakeview Estates, Inc. The written contract contained a provision whereby Veard agreed "to defend, indemnify and hold [Lakeview Estates, Inc.] harmless from any liability or claim for damage because of the bodily injury, death, property damage, sickness, disease or loss and expense arising from [Veard's] negligence in the performance of the construction Contract." During its performance under the contract, Veard

installed "fencing guardrail along the perimeter of the decks on upper level apartments in the subject building."

{¶3}   While construction was still ongoing, Veard hired the services of independent contractor, Patrick Electric.  Patrick Electric in turn retained independent contractor Shannon Green.  While Mr. Green was working, he "came into contact with a guardrail previously installed by Veard [] which gave way, causing Mr. Green to fall and sustain bodily injury."

{¶4}   Mr. Green filed a complaint sounding in negligence against several entities, including Veard Construction, United Property Management Company, Lakeview Estates Ltd., Lakeview Estates Limited, and Waterside Estates ("Tort Litigation").  Mr. Green submitted evidence that the guardrail installed by Veard did not meet code requirements and that the negligent installation of the guardrail proximately caused Mr. Green's injuries.

{¶5}   Based upon provisions in the construction contact, Lakeview Estates, Inc. requested that Veard defend and indemnify Lakeview Estates, Inc. and United Property Management Company.  Veard sent this request to its insurer, Defendant-Appellee ProCentury Insurance Company ("ProCentury").  ProCentury declined to defend or indemnify Veard, Lakeview Estates, Inc. or United Property Management Company.  Nonetheless, Evanston, Lakeview Estates, Inc.'s and United Property Management Company's insurer, agreed to provide a defense to its insured.

{¶6}   Ultimately, Veard settled with Mr. Green.  The matter, as to Lakeview Estates, Inc. and United Property Management Company proceeded to a jury trial.  The jury awarded total economic damages of $524,000 and non-economic damages of $50,000.  After trial, Evanston settled the matter on behalf of Lakeview Estates, Inc. and United Property Management Company.

{¶7}    In 2016, Evanston filed a complaint against Veard seeking "to recover both the indemnity cost and/or defense cost it was required to expend" in the prior litigation ("Veard Litigation").  ProCentury was notified of this litigation but refused to defend and indemnify Veard.  In March 2017, the trial court in that matter entered a final judgment in favor of Evanston against Veard.

{¶8}    In June 2017, Evanston and Veard filed a complaint against ProCentury instituting the instant action.  Evanston asserted that it was entitled to an award against ProCentury pursuant to R.C. 3929.06.  Veard asserted two counts against ProCentury, one for breach of contract and one for bad faith.  Attached to the complaint was a copy of the ProCentury insurance policy, the construction contract between Veard and Lakeview Estates, Inc., and a judgment entry from the Veard Litigation.

{¶9}    ProCentury answered the complaint and included a counterclaim seeking declaratory judgment.  ProCentury stated that, while it was "not admitting the allegations and claims set forth in the Plaintiffs' Complaint ProCentury incorporate[d] by references Plaintiffs' Complaint and the ProCentury Policy for the purpose of setting forth the basis upon which this Counterclaim [was] founded."  ProCentury pointed to exclusions for bodily injury to independent contractors and for contractual liability as a basis for its claim.  ProCentury also attached a version of its insurance policy to its counterclaim; however, that policy contained additional pages not contained in the version attached to the complaint.  Notably, the policy attached to the ProCentury answer and counterclaim included the exclusion for bodily injury to independent contractors which was not in the version attached to the complaint.  ProCentury sought three declarations related to its duties to provide a defense or indemnification.

{¶10} ProCentury thereafter filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C) on the complaint and its counterclaim. ProCentury argued that, based upon the exclusion for bodily injury to independent contractors, there was no coverage under the policy for the allegations in the Tort Litigation. In addition, ProCentury asserted that Lakeview Estates, Inc. and United Property Management Company were not insureds under the policy.

{¶11} The exclusion for bodily injury to independent contractors in ProCentury's version of the policy provided:

This insurance does not apply to:

**Independent Contractors**

"Bodily injury" to:

(1) Any independent contractor or the "employee" of any independent contractor while such independent contractor or their "employee" is working on behalf of any insured; or

(2) The spouse, child, parent, brother or sister of such independent contractor or "employee" of the independent contractor as a consequence of (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

{¶12} Evanston and Veard filed a brief in opposition and the matter proceeded to a non-evidentiary, oral hearing. Inter alia, the parties disputed whether Mr. Green was working on behalf of Veard or Patrick Electric. Thus, they disputed whether the exclusion for bodily injury to independent contractors applied.

{¶13} The trial court issued a judgment entry finding in favor of ProCentury. Evanston and Veard appealed; however, the appeal was dismissed for lack of a final appealable order.

Thereafter, the trial court issued another entry whereby it included declarations to resolve the counterclaim. Evanston and Veard have again appealed, raising a single assignment of error for our review.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING PROCENTURY'S MOTION FOR JUDGMENT ON THE PLEADINGS ON ITS CROSS-CLAIM FOR DECLARATORY JUDGMENT AND AGAINST APPELLANTS' COMPLAINT BASED UPON THE PROCENTURY POLICY EXCLUSION FOR BODILY INJURIES TO AN INDEPENDENT CONTRACTOR.

{¶14} Evanston and Veard argue that the trial court erred in granting the motion for judgment on the pleadings. Based upon the record before us, we agree.

{¶15} "Civ.R. 12(C) states, '[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.' 'Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief.'" *Automation Tool & Die, Inc. v. Medina Hosp.*, 9th Dist. Medina No. 18CA0009-M, 2019-Ohio-1691, ¶ 10, quoting *Merryweather Mgt., Inc. v. KNL Custom Homs, Inc.*, 9th Dist. Summit No. 25971, 2012-Ohio-2977, ¶ 8. "Civ.R. 12(C) clearly confines the trial court's analysis to the material allegations set forth in the pleadings and any [written instrument] attach[ed] thereto, which the trial court must accept as true." *Business Data Sys., Inc. v. Figetakis*, 9th Dist. Summit No. 22783, 2006-Ohio-1036, ¶ 10; *State ex rel. Leneghan v. Husted*, 154 Ohio St.3d 60, 2018-Ohio-3361, ¶ 17 ("A written instrument attached to a complaint or answer also qualifies as part of the pleadings for all purposes. Civ.R. 10(C).

But not every document attached to a pleading constitutes a Civ.R. 10(C) written instrument. Rather, the term 'written instrument in Civ.R. 10(C) has primarily been interpreted to include documents that evidence the parties' rights and obligations, such as negotiable instruments, insurance policies, leases, deeds, promissory notes, and contracts.") (Internal quotations omitted.). "A copy of any written instrument attached to a pleading is a part of the pleading for all purposes." Civ.R. 10(C). Thus, "[e]vidence in any form cannot be considered." *Mackay v. Thomas*, 5th Dist. Tuscarawas No. 2018 AP 03 0012, 2018-Ohio-4154, ¶ 25; *see also Business Data Sys., Inc.* at ¶ 6.

{¶16} Here, the trial court, in the analysis portion of its judgment entry, stated:

The parties stipulated at the oral hearing that Patrick [Electric] was clearly an independent contractor of Veard; that Patrick [Electric] retained Green's services; that Veard had no knowledge or control over Patrick [Electric]; and that Veard and Patrick [Electric] were not in privity.

The second issue of contention argued by the parties is whether Green was ". . . working on behalf of any insured . . .", to wit: Veard, or whether Green was working for Patrick[ Electric,] the party that retained him.

Again, this distinction is irrelevant.

Clearly, as an independent contractor of Veard, Patrick [Electric] and its employees were excluded from coverage under The Policy from any bodily injury. As such, the parties agree, as does this Court, that *if* Green was an "employee" of Patrick[ Electric,] an independent contractor hired by Veard, then there is no coverage for The Accident and Pro[C]entury was legally justified in refusing to provide a defense and indemnity to Veard in Suit #1 and Suit #2.

(Emphasis in original.)

{¶17} First, the transcript of the oral hearing does not contain the stipulations of parties concerning Patrick Electric. Secondly, even if those stipulations, and the others mentioned in the passage above, had been made at the hearing, the trial court could not consider them in ruling on a motion for judgment on the pleadings. *See Business Data Sys., Inc.* at ¶ 10. Stipulations are not pleadings nor are they written instruments. *See* Civ.R. 7(A); *State ex rel. Leneghan* at ¶ 17.

Instead, Civ.R. 56(C) specifically provides that "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."

{¶18} Furthermore, the insurance policy attached to the complaint is not identical to the policy attached to the answer. The policy attached to the answer includes several pages that the version attached to the complaint does not. For example, the version attached to the answer includes the exclusion for bodily injury to independent contractors at issue in this appeal. In addition, it includes provisions concerning additional insureds. While it could be argued that Evanston and Veard implicitly stipulated to the validity of the policy attached to the answer by not raising this issue and arguing about the meaning of those provisions, such stipulation could not be properly considered at the stage of judgment on the pleadings for the reasons discussed above. Thus, from this Court's perspective, there is even an issue of fact concerning which policy is the correct policy.

{¶19} Given the foregoing, we conclude that judgment on the pleadings was not properly awarded under these circumstances. To the extent Evanston and Veard have asserted that the trial court erred in granting judgment on the pleadings, we sustain their assignment of error.

III.

{¶20} Evanston's and Veard's assignment of error is sustained to the extent discussed above. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

CLIFFORD C. MASCH, Attorney at Law, for Appellants.

RICHARD M. GARNER and JEFFERY S. MAYNARD, Attorneys at Law, for Appellee.

DAVID L. LESTER, Attorney at Law, for Appellee.