[Cite as *Hamilton v. Ameristone, L.L.C.*, 2026-Ohio-1465.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SHAWN HAMILTON, | Case No. 2025CA00127 |
| Plaintiff - Appellant | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Stark County Court of Common Pleas, Case No. 2025CV00762 |
| AMERISTONE, LLC, ET AL., | Judgment:   Affirmed |
| Defendants - Appellees | Date of Judgment Entry: April 23, 2026 |

**BEFORE:** Andrew J. King; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** JOHN MCGAHEE, JR., for Plaintiff-Appellant; CHRISTINE C. STEELE and JONATHAN P. SAXTON, for Defendant-Appellee; and EDWARD T. SAADI, SPECIAL COUNSEL FOR THE OHIO ATTORNEY GENERAL

*Montgomery, J.*

**STATEMENT OF THE CASE**

{¶1}   Plaintiff-Appellant, Shawn Hamilton ("Appellant"), filed a Complaint against Ameristone LLC, American Countertops, Inc., Noah Troyer, Ohio Bureau of Worker's Compensation and John Doe Entities 1-10 in the Stark County Court of Common Pleas on April 3, 2025.

{¶2}   Defendant-Appellees, Ameristone, LLC, American Countertops, Inc. and Noah Troyer ("Appellees"), filed a Motion for Judgment on the Pleadings Pursuant to Civ.R. 12(C). Appellant responded to Appellees' motion by filing a Brief in Opposition to

Defendants' Motion for Judgment on the Pleadings or, in the alternative, Motion for Leave to File Amended Complaint *Instanter*.

{¶3} Appellees responded to Appellant's motion and filed Defendant's Reply in Support of Motion for Judgment on the Pleadings.

{¶4} The trial court denied Appellant's request to file an amended complaint and granted Appellees' motion for judgment on the pleadings on September 5, 2025, through its Judgment Entry Granting Defendants' Motion for Judgment on the Pleadings and Denying Plaintiff's Motion for Leave to File Amended Complaint Instanter. (hereinafter "9/5/25 Judgment Entry")

## ASSIGNMENTS OF ERROR

{¶5} Appellant filed a timely Notice of Appeal with this Court and asserts the following assignments of error:

{¶6} "I. THE TRIAL COURT ERRED IN GRANTING A JUDGEMENT [SIC] ON THE PLEADINGS IN FAVOR OF DEFENDANTS/APPELLEES."

{¶7} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN NOT GRANTING PLAINTIFF/APPELLANT LEAVE TO AMEND HIS COMPLAINT."

## STATEMENT OF FACTS

{¶8} Appellant was injured at work while employed by Appellees, Ameristone and/or American Countertops on April 12, 2023.

{¶9} Appellee, Noah Troyer ("Troyer"), is the owner, manager and/or employee of Ameristone and/or American Countertops. Troyer was acting within the scope of his employment when a forklift he was operating injured Appellant.

{¶10} Appellees, Ameristone and/or American Countertops, were insured by the Ohio Bureau of Worker's Compensation ("BWC") on the date of Appellant's injury. *9/5/25 Judgment Entry*, p. 11.

{¶11} Appellant has received workers' compensation benefits for his injury. *Id.*

## STANDARD OF REVIEW

### Judgment on the Pleadings

{¶12} Civ.R. 12(C) states, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

{¶13} On appeal, the standard of review for a Civ.R. 12(C) motion is the same as the standard of review for a Civ.R. 12(B)(6) Motion. *JP Morgan Chase Bank, N.A. v. Belden Oak Furniture Outlet, Inc.*, 2010-Ohio-4444, ¶ 18 (5th Dist.). Prior to dismissing a complaint based upon a 12(C) motion, "[t]he court must accept the factual allegations in the complaint as true and make all reasonable inferences in favor of the nonmoving party. Appellate review of the dismissal of a complaint based upon a motion for judgment on the pleadings requires an independent review of the complaint to determine if the dismissal was appropriate." *Estate of Heath v. Grange Mut. Cas. Co.,* 2002-Ohio-5494, ¶ 8. A reviewing court need not defer to the trial court's decision in such cases. *Rich v. Erie Cty. Depart. of Human Resources*, 106 Ohio App.3d 88, 91 (1995).

{¶14} "A motion for a judgment on the pleadings, pursuant to Civ.R. 12(C), presents only questions of law." *Mackay v. Thomas*, 2018-Ohio-4154, ¶ 25 (5th Dist.), citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165-166 (1973). The determination of a motion under Civ.R. 12(C) is restricted solely to the allegations in the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in its favor. *Id.*

**Motion to Amend Complaint**

**{¶15}** This Court has stated, "A trial court's determination whether to grant a motion for leave to amend a complaint will not be reversed on appeal absent an abuse of discretion." *Darulis v. Ayers* (Feb. 2, 1999), 1998 Ohio App. LEXIS 6582. "To demonstrate abuse of discretion in denying a motion for leave to amend complaint, appellant must demonstrate more than error of law and that the trial court's denial of the motion was unreasonable, arbitrary or unconscionable." *Rockford Homes, Inc. v. Handel*, 2007-Ohio-2581, ¶ 54 (5th Dist.).

## ANALYSIS

**{¶16}** Appellant's first assignment of error asserts that the trial court erred by granting Appellee's motion for judgment on the pleadings. We disagree.

**{¶17}** In the case at hand Appellant alleged in his Complaint that Troyer was not certified to operate the forklift and that he had "multiple prior accidents" while using a forklift. *Complaint*, ¶ 8.

**{¶18}** Appellant alleged that he was injured when Troyer "[n]egligently, recklessly and with substantial certainty of causing injury to Plaintiff, operated a forklift running over Plaintiff and causing Plaintiff to sustain serious injuries." *Complaint*, ¶ 10 and ¶ 16. Appellant also alleged that Appellees were "[n]egligent *per se* in that they violated various statutes and regulations governing labor and industry standards." *Id.*, ¶ 20. Appellant also alleges that, "As a direct and proximate result of the Defendant's negligence and negligence *per se*, Plaintiff suffered serious physical and emotional injuries and damages" *Id.*, ¶ 20.

**{¶19}** Appellees, Ameristone and/or American Countertops, were insured by the Ohio BWC at the time of Appellant's workplace injury.

{¶20} Appellees filed a Motion for Judgment on the Pleadings pursuant to Civ.R. 12(C) stating that claims of negligence and negligence per se cannot be brought against them pursuant to R.C. 4123.74 and R.C. 4123.741.

{¶21} Ohio Revised Code 4123.74 states:

Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment, or for any death resulting from such injury, occupational disease, or bodily condition occurring during the period covered by such premium so paid into the state insurance fund or during the interval the employer is a self-insuring employer, whether or not such injury, occupational disease, bodily condition, or death is compensable under this chapter.

{¶22} Ohio Revised Code 4123.741 states:

No employee of any employer, as defined in division (B) of section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury or occupational disease, received or contracted by any other employee of such employer in the course of and arising out of the latter employee's employment, or for any death resulting from such injury or occupational disease, on the condition that such injury, occupational disease, or death is found to be compensable under sections 4123.01 to 4123.94 inclusive of the Revised Code.

{¶23} Appellant argues in his Brief in Opposition to Defendants' Motion for Judgment on the pleadings that R.C. 4123.74 and R.C. 4123.741 do not apply in this case because he has brought a claim pursuant to R.C. 2745.01.

{¶24} R.C. 2745.01 states:

(A) In an action brought against an employer by an employee, or by the dependent survivors of a deceased employee, for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.

(B) As used in this section, "substantially certain" means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.

(C) Deliberate removal by an employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance creates a rebuttable presumption that the removal or misrepresentation was committed with intent to injure another if an injury or an occupational disease or condition occurs as a direct result.

{¶25} Appellant's argument is that his allegation in paragraphs 10 and 16 of his Complaint that Troyer acted "negligently, recklessly and with substantial certainty of causing injury to Plaintiff" is a claim pursuant to R.C. 2745.01. *Plaintiff Brief in Opposition to Judgment on the Pleadings*, p. 2. This Court finds this argument is without merit.

**{¶26}** In order to satisfy a claim pursuant to R.C. 2745.01 a claimant must allege that an employer or employee acted with intent to injure an employee. The Supreme Court of Ohio held "[a]bsent a deliberate intent to injure another, an employer is not liable for a claim alleging an employer intentional tort, and the injured employee's exclusive remedy is within the workers' compensation system." *Houdek v. ThyssenKrupp Materials N.A., Inc.*, 2012-Ohio-5685, ¶ 25. "R.C. 2745.01 limits claims against employers for intentional torts to circumstances demonstrating a deliberate intent to cause injury to an employee." *Id.*, ¶ 29.

**{¶27}** In the case at hand, Appellant's Complaint fails to allege that Appellees intended to cause injury to him. Appellees were insured by the Ohio Bureau of Workers Compensation at the time of Appellant's injury. Therefore, Appellant has failed to set forth a set of facts that would entitle him to damages under R.C.2745.01.

**{¶28}** Appellant's first assignment of error is overruled.

**{¶29}** Appellant argues in his second assignment of error that the trial court erred when it denied his motion to file an amended complaint. We disagree.

**{¶30}** The trial court found that Appellant's proposed Amended Complaint "[d]oes not remedy the pleading deficiencies present in the Complaint." *Judgment Entry Granting Defendants' Motion for Judgment on the Pleadings and Denying Plaintiff's Motion for Leave to File Amended Complaint Instanter*, p. 9. The trial court further found "The factual allegations in the proposed Amended Complaint are identical to the factual allegations in the Complaint." *Id.* The trial court found that Appellant's Amended Complaint failed to allege that Appellees acted with a "deliberate intent to injure." *Id.*, p. 11. Therefore, the trial court reasoned it would be futile to proceed on the Amended Complaint since it would be dismissed for the same reasons as the Complaint. *Id.*

{¶31} This Court finds that the trial court did not act unreasonably, arbitrarily or unconscionably when it denied Appellant's motion to file an amended complaint.

{¶32} Appellant's second assignment of error is overruled.

## CONCLUSION

{¶33} For the reasons set forth in this decision, the trial court's Judgment Entry Granting Defendants' Motion for Judgment on the Pleadings and Denying Plaintiff's Motion for Leave to File Amended Complaint Instanter is affirmed.

{¶34} For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is Affirmed.

{¶35} Costs to Appellant.

By: Montgomery, J.

King, P.J. and

Popham, J. concur.