[Cite as *Hall v. Crystal Clinic, Inc.*, 2017-Ohio-8471.]

STATE OF OHIO         )                IN THE COURT OF APPEALS
                         )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

ARLAN HALL                          C.A. No.      28524

      Appellant

      v.                              APPEAL FROM JUDGMENT
                                 ENTERED IN THE
CRYSTAL CLINIC, INC., et al.      COURT OF COMMON PLEAS
                                 COUNTY OF SUMMIT, OHIO
      Appellees               CASE No.     CV-2012-08-4446

DECISION AND JOURNAL ENTRY

Dated: November 8, 2017

TEODOSIO, Judge.

{¶1} Arlan Hall appeals the judgment entry of the Summit County Court of Common Pleas granting the motion to dismiss filed by the appellees, Douglas Ehrler, M.D., Crystal Clinic, Inc., and Crystal Clinic Orthopaedic Surgeons, Inc. We reverse and remand.

I.

{¶2} This medical malpractice action was originally filed on June 3, 2010, in the Summit County Court of Common Pleas. *See Hall v. Crystal Clinic, Inc.*, Summit C.P. No. CV 2010-06-3989 (Sept. 19, 2011). The original action was voluntarily dismissed on September 19, 2011, and the complaint was refiled under case number CV 2012-08-4446 on August 2, 2012. On August 31, 2012, the appellees filed an answer to the complaint, and on August 12, 2013, the appellees filed a motion to dismiss.

{¶3} The motion to dismiss was filed pursuant to Civ.R. 3(A) and Civ.R. 4.1(A) on the grounds that the trial court lacked personal jurisdiction, and was based upon an alleged failure to

commence an action under the original filing of the case, and consequentially, the alleged inapplicability of the savings statute, R.C. 2305.19, to the refiled action. The motion did not present itself as being filed pursuant to any of the provisions of Civ.R. 12(B) or (C), and the trial court did not construe the motion as being filed under any provision of Civ.R. 12. On January 27, 2017, the trial court granted the appellees' motion to dismiss. Mr. Hall now appeals, raising one assignment of error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF'S/APPELLANT'S COMPLAINT BASED ON FAILURE OF SERVICE.

{¶4} Mr. Hall argues the trial court erred in dismissing his complaint based upon a failure of service in the original action. We do not reach the merits of this argument.

{¶5} The granting of a motion to dismiss filed under Civ.R. 12(B) or a motion for judgment on the pleadings filed under Civ.R. 12(C) is reviewed de novo by this Court. *Savoy v. Kramer*, 9th Dist. Summit No. 27418, 2015-Ohio-437, ¶ 5. "[A] motion to dismiss filed after the pleadings have closed * * * is appropriately considered a motion for judgment on the pleadings pursuant to Civ.R. 12(C)." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569 (1996), quoting *Lin v. Gatehouse Constr. Co.*, 84 Ohio App.3d 96, 99 (8th Dist.1992). Because the appellees had already filed an answer when they filed their motion to dismiss, we must view the trial court's ruling as having granted a motion for judgment on the pleadings under Civ.R. 12(C). *See State ex rel. Mancino v. Tuscarawas Cty. Court of Common Pleas*, Slip Opinion No. 2017-Ohio-7528, ¶ 8, fn. 2.

{¶6} "Civ.R. 12(C) * * * presents only questions of law, and determination of the motion for judgment on the pleadings is restricted solely to the allegations in the pleadings."

*Peterson v. Teodosio*, 34 Ohio St.2d 161, 166 (1973). "In ruling upon a motion under Civ.R. 12(C), the trial court is limited to the face of the pleadings on file with the court. It cannot be supported by facts outside those pleadings." *Epperly v. Medina City Bd. of Edn.*, 64 Ohio App.3d 74, 75-76 (9th Dist.1989).

{¶7} The appellees' motion to dismiss necessarily relied upon matters outside of the pleadings insofar as the motion was predicated upon the issue of service in a prior case. Because the motion must be construed as a motion for judgment on the pleadings pursuant to Civ.R. 12(C), and because a Civ.R. 12(C) motion is restricted solely to the allegations in the pleadings, we conclude the trial court erred in granting the motion to dismiss based upon facts outside of the pleadings.

{¶8} We note that Civ.R. 12(B) provides that when a motion for failure to state a claim upon which relief can be granted relies upon matters outside of the pleadings, and such matters are not excluded by the trial court, it shall be treated as a motion for summary judgment. There is no such mechanism, however, to convert a Civ.R. 12(C) motion to one for summary judgment. *Business Data Systems, Inc. v. Figetakis*, 9th Dist. Summit No. 22783, 2006-Ohio-1036, ¶ 9.

{¶9} Mr. Hall's assignment of error is sustained.

III.

{¶10} Mr. Hall's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and remanded.

Judgment reversed
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.


APPEARANCES:

ANTONIOS P. TSAROUHAS and MARK J. DVORAK, Attorneys at Law, for Appellant.

GREGORY T. ROSSI and DOUGLAS G. LEAK, Attorneys at Law, for Appellees.