[Cite as *Petro Evaluation Servs., Inc. v. Poff*, 2020-Ohio-1198.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

PETRO EVALUATION SERVICES, INC.

    Appellee

v.

SHANNON L. POFF, et al.

    Appellant

C.A. No.      19AP0021

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.      2016CVC-H 000508

DECISION AND JOURNAL ENTRY

Dated: March 31, 2020

CARR, Judge.

{¶1} Defendant-Appellant Shannon Poff appeals the judgment of the Wayne County Court of Common Pleas. This Court affirms in part, reverses in part, and remands the matter for proceedings consistent with this decision.

I.

{¶2} After Ms. Poff's husband passed away, Ms. Poff contracted with Defendant Dennis Caldwell to dispose of certain oilfield equipment on property in Congress Township that was owned by Ms. Poff's late husband. In October 2016, Plaintiff-Appellee Petro Evaluation Services, Inc. ("Petro") filed a complaint against Ms. Poff, Mr. Caldwell, Mr. Caldwell dba Dennis Caldwell Demolition & Materials Co., and Davine Howard. The complaint alleged that Petro had an agreement with Ms. Poff's late husband to store the oilfield equipment on the Congress Township property. The complaint contained four counts all related to the destruction of the oilfield equipment: (1) conversion against Ms. Poff; (2) negligence against Ms. Poff; (3) conversion

against all of the Defendants; (4) an order of possession against Ms. Poff; and (5) punitive damages against Ms. Poff.

{¶3} Ms. Poff, in the same document, filed an answer and a motion to dismiss. That motion was ultimately denied. Mr. Caldwell and his company filed an answer and cross-claims against Ms. Poff. Ms. Poff answered the cross-claim and also filed a cross-claim against Mr. Caldwell.

{¶4} Petro submitted its first set of interrogatories and request for production of documents on Ms. Poff in December 2016. In September 2017, Petro submitted its second set of interrogatories and request for production of documents upon Ms. Poff.

{¶5} In the fall of 2017, Ms. Poff's original counsel began to indicate in filings with the trial court that counsel was having difficulty contacting Ms. Poff. Petro moved for summary judgment against Mr. Caldwell dba Dennis Caldwell Demolition and Materials Co. and Ms. Poff. In so doing, Petro relied, in part, upon Ms. Poff's deposition testimony. The trial court denied the motion against Ms. Poff but granted it as to Mr. Caldwell. Subsequently, Petro also moved for default judgment as to Davine Howard. That motion was also ultimately granted.

{¶6} In December 2017, Petro filed a motion to compel and motion for sanctions against Ms. Poff requesting that Ms. Poff be ordered to provide full and complete responses to the second set of interrogatories and request for production of documents. The interrogatories and request at issue requested tax returns of Ms. Poff's husband and his businesses for specified years, the name and address of his tax preparer, and, with respect to the requested tax returns, copies of documents explaining all expenses and income, such as 1099 forms and financial statements. Prior to the trial court ruling on the motion to compel, Petro filed a supplemental motion to compel and motion for sanctions in late January 2018, noting that Ms. Poff had not responded to the initial motion.

{¶7} Ultimately, Ms. Poff retained new counsel. A hearing was held on Petro's motion to compel and motion for sanctions in late March 2018. In the entry summarizing the hearing, the trial court noted that Ms. Poff's new counsel was unable to procure the file from former counsel. New counsel indicated that he would seek a court order if difficulties persisted. The trial court noted that there was a pending motion to compel, which was supplemented, and that that motion would be granted in a separate entry. Discovery was to be completed by July 31, 2018, and trial was scheduled for September 10, 2018. In a separate entry, the trial court granted Petro's supplemental motion to compel and ordered Ms. Poff to comply with the discovery request on or before April 30, 2018.

{¶8} On June 12, 2018, Petro filed a second supplemental motion to compel and motion for sanctions. In the motion, Petro requested that all of Ms. Poff's defenses be struck and attorney fees be awarded. In the alternative, Petro asserted that it was entitled to a default judgment against Ms. Poff with only the issue of damages remaining for trial. As exhibits, Petro included an affidavit of counsel authenticating letters wherein counsel requested responses to discovery and averring that counsel had not received any responses to the letters.

{¶9} A hearing was held on Petro's motions on July 31, 2018. At the hearing, Ms. Poff's counsel asserted that prior counsel maintained that all of the necessary discovery was in the file; however, Ms. Poff's counsel experienced difficulties in obtaining the file from prior counsel. Ms. Poff's counsel was finally able to pick up the file from prior counsel on July 25, 2018 but it did not contain the materials necessary to respond to the discovery requests. Ms. Poff's counsel offered to have the trial court examine the file in camera to confirm that Ms. Poff's counsel was telling the truth. The trial court declined to allow Ms. Poff's counsel to file an affidavit further explaining the situation.

**{¶10}** The next day, Ms. Poff's counsel filed a notice of compliance with Petro's second set of interrogatories and request for production of documents and a post-hearing brief in opposition to the motion to compel and motion for sanctions. Based upon Ms. Poff's filing, Petro moved to strike Ms. Poff's filings and for additional sanctions. Petro asserted that the trial court indicated that it would not consider additional filings and that Ms. Poff's responses were not accurate or complete.

**{¶11}** The trial court issued an entry striking all defenses set forth in Ms. Poff's answer and awarding attorney fees as sanctions for the discovery violations. In addition, the trial court struck Ms. Poff's August 1, 2018 filings. Thereafter, Ms. Poff filed a motion seeking clarification and a motion for reconsideration. Accompanying the motion, were exhibits including an affidavit by Ms. Poff.

**{¶12}** The trial court denied the motion for reconsideration and stated that the issue to be decided at trial was damages. It further stated, "[t]he court's order of August 20, 2018 striking all of defendant Poff's defenses means that she is liable for conversion and negligence with regards to plaintiff's property." Thus, the trial court effectively awarded Petro default judgment as to Ms. Poff's claims for conversion and negligence.

**{¶13}** The matter proceeded to a jury trial on the issue of damages, at which the jury found in favor of Petro for $24,883.00. The trial court also ordered Ms. Poff to pay attorney fees in the amount of $1,669.50.

**{¶14}** Ms. Poff attempted to appeal, but this Court dismissed the appeal concluding it was not from a final, appealable order as all the claims were not resolved. *See Petro Evaluation Servs., Inc. v. Poff*, 9th Dist. Wayne No. 18AP0054 (Feb. 4, 2019). The trial court then issued an entry

dismissing count four of the complaint and the cross-claims due to failure to prosecute. Ms. Poff has again appealed, raising three assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

PETRO'S CLAIMS AGAINST SHANNON POFF INDIVIDUALLY, AS OPPOSED TO CLAIMS IT MAY HAVE HAD AGAINST HER IN HER REPRESENTATIVE CAPACITY, ARE INVALID AS A MATTER OF LAW.

{¶15} Ms. Poff appears to assert in her first assignment of error that the trial court erred in denying her motion to dismiss. Ms. Poff argues that her actions in arranging for the disposal of the oilfield equipment were done in her capacity as executor of her husband's estate, not in her individual capacity; yet, Ms. Poff was only sued in her individual capacity.

{¶16} As noted above, Ms. Poff's motion to dismiss was filed as part of the same document containing her answer. While "[a] motion to dismiss filed after the pleadings have closed * * * is appropriately considered a motion for judgment on the pleadings pursuant to Civ.R. 12(C)[,]" *Hall v. Crystal Clinic, Inc.*, 9th Dist. Summit No. 28524, 2017-Ohio-8471, ¶ 5, quoting *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565 569 (1996), it is unclear whether the same is true when the two are filed in the same document. On appeal, neither party has raised this issue or disputed that the motion should be treated as a motion to dismiss. Accordingly, we will review the motion as a motion to dismiss.

{¶17} This Court reviews a ruling on a motion to dismiss de novo. *See Hall* at ¶ 5. "A Civ.R. 12(B)(6) motion tests the sufficiency of the complaint, and dismissal is appropriate where the complaint fail[s] to state a claim upon which relief can be granted." (Internal quotations and citations omitted.) *McAllister v. Myers Industries, Inc.*, 9th Dist. Summit No. 29040, 2019-Ohio-773, ¶ 9. "In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume

that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. Before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling [him] to recovery." (Internal quotations and citations omitted.) *Id.* "A copy of any written instrument attached to a pleading is a part of the pleading for all purposes." Civ.R. 10(C). "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." Civ.R. 12(B).

{¶18} In her motion to dismiss, Ms. Poff argued that Petro's complaint failed to state a claim because it was untimely under R.C. 2117.06(B) and 2117.12. These statutes address claims brought against an estate. *See* R.C. 2117.06 and 2117.12. Ms. Poff argued that Petro's claims were claims against the estate of Ms. Poff's husband and they were filed outside of the statutes of limitations. In addition, Ms. Poff asserted that Petro failed to name Ms. Poff in her capacity as the executor of her husband's estate as a party and that the omission could not be corrected because the statutes of limitations had expired.

{¶19} The trial court did not err in denying her motion as Ms. Poff's arguments rely on matters outside the complaint. The complaint does not detail any matters concerning Ms. Poff's husband's estate such as when Ms. Poff's husband died, nor does it include allegations that Ms. Poff was acting in her capacity as the executor of her husband's estate when she disposed of the items at issue.

{¶20} Ms. Poff argues that the trial court did not expressly state that it was excluding the materials outside of the complaint, and, therefore, pursuant to Civ.R. 12(B), the trial court was required to treat the motion as a motion for summary judgment. While the trial court did not expressly indicate it was excluding the inappropriate materials, it did recite in its judgment entry that the allegations of the complaint state a claim for relief. There is no indication that the trial court considered matters outside the complaint in resolving Ms. Poff's motion. *See Keller v. Columbus*, 100 Ohio St.3d 192, 2003-Ohio-5599, ¶ 18 ("It is the court's responsibility either to disregard extraneous material or to convert a motion to dismiss into a motion for summary judgment when additional materials are submitted."); *see also Cotton v. Anderson*, 9th Dist. Lorain No. 06CA008984, 2007-Ohio-6548, ¶ 5 ("Where the trial court chooses to consider evidence or materials outside the complaint, the court must convert the motion to dismiss into a motion for summary judgment and give the parties notice and a reasonable opportunity to present all materials made pertinent to such motion by Civ.R. 56."); *Ins. Co. of N. Am. v. Reese Refrig*., 89 Ohio App.3d 787, 792-793 (3d. Dist.1993); *Toledo v. Thomas*, 60 Ohio App.3d 42, 43-44 (6th Dist.1989) ("If a court, in ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), intends to consider matters outside the pleadings, it must first convert the motion to dismiss into a motion for summary judgment, and upon doing so give notice of the conversion to the parties in order to allow them the opportunity to present evidentiary matters pertinent to the converted motion."). Ms. Poff has not demonstrated that the trial court erred in denying the motion to dismiss or in failing to convert it to a motion for summary judgment.

{¶21} To the extent that Ms. Poff appears to generally argue that the record establishes that the claims were actually claims against the estate, that Ms. Poff was not sued in her capacity

as the executor of the estate, and that, therefore, judgment could not be entered against her, Ms. Poff has not pointed to any additional adverse rulings addressing that issue. *See* App.R. 16(A)(7).

{¶22} Ms. Poff's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING A CLEARLY DISPROPORTIONATE DISCOVERY SANCTION UPON APPELLANT ABSENT BAD FAITH AND DESPITE HER EVENTUAL COMPLIANCE AND HER PRIOR EFFORTS TO COMPLY WITH DISCOVERY.

{¶23} Ms. Poff argues in her second assignment of error that the trial court abused its discretion in granting default judgment as a discovery sanction.

{¶24} "A trial court has broad discretion when imposing discovery sanctions. Consequently, [t]his Court reviews a trial court's decision to impose sanctions for an abuse of discretion." (Internal quotations and citations omitted.) *Altercare, Inc. v. Clark*, 9th Dist. Lorain No. 12CA010211, 2013-Ohio-2785, ¶ 14.

{¶25} Here, there is no dispute that Ms. Poff failed to comply with the trial court's March 26, 2018 order granting Petro's motion to compel discovery. That order required that Ms. Poff respond to Petro's second set of interrogatories and request for production of documents by April 30, 2018, and she failed to do so.

{¶26} Civ.R. 37(B)(1) provides various sanctions for a party's failure to comply with a discovery order, including rendering default judgment against a disobedient party. *See* Civ.R. 37(B)(1).

{¶27} This Court has stated:

It is exclusively within the trial court's discretion to determine the particular sanction to be imposed for the particular infraction committed. The appropriateness of the choice is reviewable to the extent that an abuse may have occurred in the exercise of the trial court's discretion in the selection of the sanction. Thus, the trial court must consider the posture of the case and what efforts, if any, preceded

the noncompliance and then balance the severity of the violation against the degree of possible sanctions, selecting that sanction which is most appropriate.

In deciding, the trial court should look to several factors: the history of the case; all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply; what efforts, if any, were made to comply; the ability or inability of the faulting party to comply; and such other factors as may be appropriate.

With the background of the noncompliance in mind, the trial court must then weigh the severity of the violation and balance it against the degree of possible sanctions. A violation may call for different degrees of sanctions under different circumstances. The trial court should then select that sanction which most appropriately fits the violation, in the context of the case.

The reviewing court, in looking at the sanctions so imposed, cannot substitute its judgment for that of the trial court. Its concern is only that the trial court examined the right things and did not act arbitrarily. Thus, the appropriateness of the choice of the sanction imposed is reviewable to the extent that the trial court may have abused its discretion by being arbitrary in selecting too harsh or too lenient a sanction.

If the reviewing court, in examining those factors required to be considered by the trial court, determines that the degree of the sanction is disproportionate to the seriousness of the infraction under the facts of the case, then an abuse has been shown to exist. The judgment, then, is reversible.

*Russo v. Goodyear Tire & Rubber Co.*, 36 Ohio App.3d 175, 178-179 (9th Dist.1987). Moreover, "[i]t is an abuse of discretion for a trial court to grant a default judgment for failing to respond to discovery requests when the record does not show willfulness or bad faith on the part of the responding party." *Toney v. Berkemer*, 6 Ohio St.3d 455 (1983), syllabus.

**{¶28}** While it is true that Ms. Poff had a reasonable amount of time to respond to discovery, that her counsel failed to file anything prior to the July 31, 2018 hearing detailing her continued struggles obtaining the required materials, and that Ms. Poff did not respond to opposing counsels inquiries about the discovery, this Court nonetheless concludes that the trial court abused its discretion in granting the harsh sanction of default judgment as a sanction for this discovery violation.

{¶29} Ultimately, albeit a day after the close of discovery, Ms. Poff did respond to the discovery requests. In the affidavit filed in support of her motion for reconsideration, she detailed that she had provided discovery materials to her original counsel, that it was not until late July 2018 when her new counsel was able to obtain the file from prior counsel, and that, when she viewed the file, the file did not contain the discovery materials she had provided prior counsel. Ms. Poff further averred that, to her knowledge, her husband did not own any business entities that separately filed tax returns, that she could not locate copies of her husband's tax returns, and that when copies of the returns were finally obtained, they were provided to opposing counsel through her counsel.

{¶30} Aside from Ms. Poff's failure to respond to the second set of interrogatories and request for production of documents, the record does not disclose that Ms. Poff otherwise failed to participate in discovery. It is clear from the record that Ms. Poff was deposed and also that Ms. Poff requested discovery from Petro. In light of the lack of a motion to compel from Petro, it also appears that Ms. Poff responded to Petro's first set of interrogatories and request for production of documents. Moreover, it is not clear how Ms. Poff's failure to timely respond to the discovery request prejudiced Petro. Ms. Poff's responses were provided well over a month before the scheduled trial date.

{¶31} Further, from the transcript of the July 31, 2018 hearing, it seems that in addition to the record in this case, the trial court also considered the record in the probate case pertaining to Ms. Poff's late husband in determining a sanction. The transcript reflects that Petro's counsel asserted that the probate matter was consolidated with this matter and that "there[ had] been no activity in [the probate] case either and there[ had been] no response to the prior court orders that preceded [the trial court's] involvement[,] * * * to file an amended inventory * * *." At the end

of the hearing, the trial court stated that it would review "the file, including the probate file[.]"  In the trial court's first entry addressing sanctions, the trial court again referenced a portion of the procedural history from the probate matter.

{¶32}   There is nothing in this Court's record that indicates this case was ever consolidated with the probate matter.  Accordingly, we cannot say that it was appropriate for the trial court to consider the probate file, or Ms. Poff's or her counsel's conduct in the probate matter in determining a sanction for a discovery violation in this case.  While Ms. Poff's or her counsel's behavior in the other case may have added to the trial court's frustration in dealing with Ms. Poff's discovery violation in the current case, it is incumbent upon the trial court to exercise restraint and evaluate the case before it objectively.  *See Russo*, 36 Ohio App.3d at 378 (noting that the trial court should consider the history of the case before it in fashioning a sanction).

{¶33}   The trial court was certainly free to impose a sanction upon Ms. Poff for her noncompliance with the trial court's order; however, the sanction that it imposed was an abuse of discretion.  The record does not demonstrate "willfulness or bad faith on the part of the responding party" such that the entry of a default judgment was warranted as a sanction.  *See Toney*, 6 Ohio St.3d at 455.  Moreover, the record supports that the trial court considered filings in another case in choosing a sanction in this matter, which is not appropriate.  *See Russo* at 378.

{¶34}   Ms. Poff's second assignment of error is sustained.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT VIOLATED SHANNON POFF'S RIGHT TO DUE PROCESS OF LAW BY DIRECTING THE JURY THAT ALL ITEMS LISTED ON EXHIBIT 2 TO THE COMPLAINT WERE ON JAMES POFF'S PROPERTY, THAT ALL ITEMS BELONGED TO PETRO, AND THAT ALL SUCH ITEMS HAD BEEN CONVERTED BY SHANNON POFF.

{¶35} Ms. Poff argues in her third assignment of error that the trial court violated her due process rights in informing the jury that it was limited to determining the value of items in an exhibit.

{¶36} Given this Court's resolution of Ms. Poff's second assignment of error, this assignment of error has been rendered moot and we decline to address it. *See* App.R. 12(A)(1)(c).

III.

{¶37} Ms. Poff's first assignment of error is overruled and her second assignment of error is sustained. Ms. Poff's third assignment of error has been rendered moot. The judgment of the Wayne County Court of Common Pleas is affirmed in part, reversed in part, and this matter is remanded for proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

BRENT L. ENGLISH, Attorney at Law, for Appellant.

JAMES M. RICHARD, Attorney at Law, for Appellee.