[Cite as *Brock v. Cobblestone Park Dev. Group, L.L.C.*, 2024-Ohio-2949.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF MEDINA | ) | | |

AMIE BROCK, et al.

    Appellants

    v.

COBBLESTONE PARK DEVELOPMENT
GROUP, LLC, et al.

    Appellees

C.A. No.     2023CA0064-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     21CIV0488

DECISION AND JOURNAL ENTRY

Dated: August 5, 2024

FLAGG LANZINGER, Judge.

{¶1} Amie Brock and Timothy Gacek appeal from the judgment of the Medina County Court of Common Pleas. For the following reasons, this Court reverses.

I.

{¶2} According to their verified complaint, Brock and Gacek ("Homeowners") each own a home(s) in Cobblestone Park, a planned community located in Medina County. Cobblestone Park is governed by the Cobblestone Park Homeowners Association, Inc. (the "HOA"). Homeowners alleged that Cobblestone Park Development Group LLC ("CPDG") was the declarant of the HOA, and that Premier Property Management Group, LLC ("Premier") was the property manager for the HOA.

{¶3} In June 2021, Homeowners sued CPDG, Premier, and three board members of the HOA (the "Defendant Board Members") (in combination or collectively, the "Defendants") asserting claims for: (1) breach of contract against CPDG; (2) breach of contract against Premier;

(3) breach of fiduciary duty against the Defendant Board Members; and (4) negligence against the Defendant Board Members. Homeowners' claims were based upon allegations that the Defendants wrongfully maintained control of the HOA, improperly expended HOA funds, and failed to properly account for HOA funds or allow Homeowners access to the HOA's books and records.

{¶4} In their complaint, Homeowners alleged that they were bringing their claims derivatively on behalf of the HOA. To that end, Homeowners alleged that they made a demand on the Board of the HOA to pursue claims against the Defendants, but that the Board did not act. Homeowners also alleged that, even though they made a demand, it (and any further demand) was futile since the Defendant Board Members held three out of the five seats on the Board. Homeowners, therefore, alleged that they were pursuing these claims derivatively "in the name of and for the benefit of the [HOA] to redress injuries suffered, and to be suffered, by the [HOA] . . . ." Homeowners also asserted separate claims for declaratory judgment and preliminary and permanent injunctive relief. Homeowners did not name the HOA as a party in the complaint.

{¶5} Instead of filing an answer, the Defendants requested and received multiple extensions while the parties engaged in settlement discussions. This culminated in the parties executing a "Settlement Term Sheet" on December 31, 2021. In it, the parties agreed that: (1) the Defendant Board Members would resign from the Board; (2) Premier would resign as property manager; and (3) Premier and the Defendant Board Members would turn over control of the HOA's finances and bank accounts. The parties also agreed to a process by which Homeowners would review the records and identify challenged expenditures, and the Defendants would provide explanations for those expenditures. The parties agreed that they would attempt to resolve any disputed expenditures, as well as Homeowners' claim for attorney's fees. Additionally, the parties

agreed that they would submit any disputed claims and/or attorney's fees to the court for determination if they were unable to reach a compromise.

{¶6} Despite the purported settlement, discovery disputes arose between the parties. The parties engaged in additional motion practice, including motions to enforce the Settlement Term Sheet. The magistrate set the matter for a hearing on the pending motions.

{¶7} After the hearing, the magistrate denied the pending motions because "[t]he parties reached an agreement to continue to independently (without Court intervention) work through the pending issues related to the settlement agreement." The magistrate then held several additional case management conferences wherein the parties indicated that they were still working through outstanding discovery/pre-trial issues.

{¶8} Several months later, the parties executed a stipulated jury waiver and consented to a trial before the magistrate. The magistrate set the matter for a bench trial on March 7, 2023, and ordered the parties to submit trial briefs. In their trial brief, Homeowners asserted that "the parties in this case have agreed to a settlement." Homeowners explained that the only two issues for the court to determine at trial were: (1) "the amount of financial damage sustained by the [HOA];" and (2) "the reasonableness of the attorneys fees that the Defendants (other than Premier) agreed to pay."

{¶9} About six weeks before trial, the Defendants filed their respective answers to Homeowners' complaint. Five days before the scheduled trial date, the Defendant Board Members and Premier moved for judgment on the pleadings.

{¶10} In their motion for judgment on the pleadings, the Defendants argued that: (1) if Homeowners intended to bring derivative claims, then they were required to name the HOA as a plaintiff (which they did not) because the HOA was an indispensable party; (2) demand futility for

purposes of bringing derivative claims no longer existed because the Defendant Board Members had resigned from the Board of the HOA; (3) Homeowners lacked standing; and (4) the trial court could not award damages because any damages belonged to the HOA (a non-party), not Homeowners. The Defendants also argued that, since Homeowners lacked standing, they also lacked standing to add the HOA as a party. Thus, the Defendants argued that Homeowners could not cure the defects in their complaint by adding the HOA as a plaintiff. This Court will briefly address some of the Defendants' arguments.

{¶11} Regarding Homeowners' failure to name the HOA as a plaintiff, the Defendants asserted that Homeowners brought their complaint in their individual capacities only, as evidenced by the complaint's caption, description of the parties, and prayer for relief. The Defendants acknowledged that Homeowners alleged in their complaint that they were asserting derivative claims on behalf of the HOA. They argued, however, that mere reference to seeking derivative claims was insufficient to cure the defect of not naming the HOA as a plaintiff.

{¶12} Regarding demand futility, the Defendants asserted that, at the time Homeowners filed their complaint, the Defendant Board Members comprised three-fifths of the Board, which caused Homeowners to assert that any further demand on the Board would be futile. The Defendants asserted that, per the Settlement Term Agreement executed in December 2021, the Defendant Board Members resigned from the Board. Thus, the Defendants argued that demand futility no longer existed as of December 2021.

{¶13} Regarding the lack of standing, the Defendants asserted that Homeowners lacked standing to pursue a derivative action because they had not made a demand on the current Board and, therefore, could not establish demand futility.

{¶14} On the day of the scheduled trial, Homeowners moved to amend their complaint by interlineation. Specifically, Homeowners sought to add: (1) a claim for spoliation of evidence; (2) a claim for breach of the parties' settlement agreement; and (3) the HOA as a nominal plaintiff. Regarding the latter, Homeowners asserted that the parties "have already settled the case[,]" but that it was seeking to add the HOA as a nominal party "as a belt and suspenders approach[.]" Homeowners argued that they had always pursued the underlying claims as derivative claims, and that they were never seeking personal recovery from the Defendants. Homeowners concluded that, while they "believe that the Complaint clearly identifies that the claims are being asserted derivatively and the Defendants chose to settle those derivative claims, should the Court believe it necessary, amendment by interlineation will resolve any objections that Defendants now assert."

{¶15} In light of the "last minute" motion practice, the trial did not proceed as scheduled. Instead, the magistrate set forth a briefing schedule for the parties to file responsive briefs, and scheduled a non-oral hearing to address the pending motions. After the time for filing responsive briefs expired, the HOA moved to intervene as a nominal plaintiff, which the Defendants opposed.

{¶16} In a combined judgment entry, the trial court granted the Defendants' motion for judgment on the pleadings, denied Homeowners' motion to amend the complaint by interlineation, and dismissed the case. The trial court denied the HOA's motion to intervene when it denied "[a]ny other pending motion not specifically ruled on herein . . . ." Homeowners now appeal, raising three assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY GRANTING APPELLEES' MOTION FOR JUDGMENT ON THE PLEADINGS.

{¶17} In their first assignment of error, Homeowners argue that the trial court erred by granting the Defendants' motion for judgment on the pleadings. This Court agrees.

{¶18} Civ.R. 12(C) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *Greer v. Finest Auto Wholesale, Inc.*, 2020-Ohio-3951, ¶ 16 (9th Dist.), quoting *Evanston Ins. Co. v. Procentury Ins. Co.*, 2019-Ohio-4214, ¶ 15 (9th Dist.).

{¶19} "A trial court's determination on a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings, as well as the documents attached and incorporated into the pleadings." *Green Tree Servicing*, *L.L.C. v. Olds*, 2015-Ohio-3214, ¶ 22 (9th Dist.). "It cannot be supported by facts outside those pleadings." *Hall v. Crystal Clinic, Inc.*, 2017-Ohio-8471, ¶ 6 (9th Dist.), quoting *Epperly v. Medina City Bd. of Edn.*, 64 Ohio App.3d 74, 75-76 (9th Dist. 1989).

{¶20} Here, the trial court stated that Homeowners "brought this matter as a derivative suit because at the time of the filing, the defendants were in control of the [HOA] and refused to bring suit despite demand." It then stated that "it appears even the parties cannot agree on what causes of action are pending before the Court and what causes of actions are actually settled in this matter." The trial court found that "to the extent the complaint in this matter actually remains pending and the matter is not settled, the [HOA] would not be a nominal plaintiff, the [HOA] would be the only plaintiff that would legally be permitted to recover damages in this matter." The trial court explained:

Even if [Homeowners] brought proper derivative claims at the time this matter was filed, the [HOA] became the proper party to pursue the claims once the defendants were no longer in control of the [HOA]. The [HOA] now has the ability to decide whether it wants to seek damages against the defendants that belong to the [HOA]. The defendants have not been in control of the [HOA] since December of 2021, and until recently, [Homeowners] made no attempts to amend the complaint. [Homeowners] cannot simply collect damages that belong to the [HOA] and then promise to deliver those sums to the [HOA] under the facts of this case as they exist today. Nor can the Court award damages to a non-party . . . . The defendants' motion for judgment on the pleadings is granted. The claims in this matter belong to the [HOA] and the current plaintiffs cannot collect those damages on behalf of the [HOA].

{¶21} The trial court's analysis reflects that it did not confine itself to the allegations in the pleadings when it granted the Defendants' motion for judgment on the pleadings. Instead, it relied upon the fact that the parties eventually executed the Settlement Term Sheet, which required the Defendant Board Members to resign from the Board. The trial court appears to have concluded that Homeowners could no longer pursue their claims derivatively because demand futility has not existed since 2021 (i.e., since the parties executed the Settlement Term Sheet). The trial court's failure to confine its analysis to the pleadings is reversible error. *See Hall v. Crystal Clinic, Inc.*, 2017-Ohio-8471, ¶ 7 (9th Dist.) ("[B]ecause a Civ.R. 12(C) motion is restricted solely to the allegations in the pleadings, we conclude the trial court erred in granting the motion to dismiss based upon facts outside of the pleadings.").

{¶22} In reaching this conclusion, we note that the trial court's judgment entry contains no discernable analysis as to whether the Defendants were entitled to judgment on the pleadings based upon the Defendants' argument that the HOA was an indispensable party at the time Homeowners filed their complaint (i.e., when demand futility existed). Instead, the only discernable analysis contained within the trial court's judgment entry was premised upon the implications of the Settlement Term Sheet, which went well beyond the allegations in the pleadings. The trial court's failure to provide a discernable analysis as to Homeowners' failure to

include the HOA as a party at the time they filed their complaint puts this Court in the position of having to decide the merits the Defendants' argument in that regard in the first instance, which this Court will not do. *In re Adoption of M.E.W.*, 2024-Ohio-234, ¶ 10 (9th Dist.). While our review is de novo, this Court is a reviewing court; "we cannot make a determination regarding the merits of an argument in the first instance." *Catalanotto v. Byrd*, 2016-Ohio-2815, ¶ 12 (9th Dist.).

{¶23} Moreover, this Court notes that the trial court's judgment entry contains no reference to Civ.R. 12(C), R.C. 5312.13, or R.C. 5312.14 (the statutory framework relevant to Homeowners' claims), no discernable application of the Civ.R. 12(C) standard, and no citations to legal authority in support of its conclusions, some of which appear internally inconsistent. For example, the trial court indicated that it was granting the Defendants' motion for judgment on the pleadings, ostensibly finding that Homeowners could prove no set of facts in support of their claims that would entitle them (individually or derivatively) to relief. Yet it later indicated that Homeowners' complaint was "dismissed as this matter is settled." In doing so, the trial court did not indicate which claims were settled, and elsewhere noted that "even the parties cannot agree on what causes of action are pending before the Court and what causes of actions are actually settled in this matter." In short, the trial court's failure to confine its analysis to the allegations in the pleadings is compounded by the fact that its analysis is otherwise difficult to reconcile. Inconsistencies aside, the trial court committed reversible error by relying upon facts outside of the pleadings when granting the Defendants' motion for judgment on the pleadings. Homeowners' first assignment of error is sustained.

{¶24} We note that the trial court's granting of the Defendants' motion for judgment on the pleadings and/or its determination that the parties settled their claims affected its other rulings,

including its ruling on Homeowners' motion for leave to amend their complaint. As noted below, any review of those rulings is now premature.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DISMISSING THE CASE RATHER THAN MAKING THE ASSOCIATION A PARTY TO THE CASE EITHER BY GRANTING LEAVE TO AMEND THE COMPLAINT OR GRANTING THE ASSOCIATION'S REQUEST TO INTERVENE.

{¶25} In their second assignment of error, Homeowners argue that the trial court erred by denying their motion for leave to amend the complaint. In light of this Court's disposition of Homeowners' first assignment of error, this Court declines to address this argument on the basis that it is premature.

{¶26} Homeowners also argue that the trial court erred by denying the HOA's motion to intervene. Homeowners, however, cannot pursue an appeal of that decision on behalf of the HOA. *Soliman v. Nawar*, 2023-Ohio-3650, ¶ 9 (10th Dist.), quoting *In re D.B.*, 2019-Ohio-4439, ¶ 16 (10th Dist.) ("An appellant cannot raise issues on another's behalf, especially when that [other] party could have appealed the issues appellant posits.").

{¶27} In light of the foregoing, Homeowners' second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY DENYING APPELLANTS' REQUEST TO ADD CLAIMS FOR SPOLIATION AND BREACH OF THE SETTLEMENT AGREEMENT.

{¶28} In their third assignment of error, Homeowners argue that the trial court erred by denying their request to add claims to their complaint. In light of this Court's disposition of Homeowners' first assignment of error, this Court declines to address Homeowners' third assignment of error on the basis that it is premature. Homeowners' third assignment of error is overruled on that basis.

III.

{¶29}  Homeowners' first assignment of error is sustained.  Homeowners' second and third assignments of error are overruled.  The judgment of the Medina County Court of Common Pleas is reversed.

Judgment reversed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

ROBERT D. KEHOE and KEVIN P. SHANNON, Attorneys at Law, for Appellants.

JON W. OEBKER, Attorney at Law, for Appellees.

LESLEY A. WEIGAND, Attorney at Law, for Appellee.

MICHAEL J. MATASICH, Attorney at Law, for Appellee.